## RICH, ADMINISTRATOR, *v.* EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

[No. 4,607. Filed April 8, 1903.]

RAILROADS.—*Crossing.—Duty of Traveler to Look and Listen.—Misleading Acts on Part of Railroad Company.*—The failure of a railroad company to sound the whistle and ring the bell and to run the train on the siding, as had been its custom to do with such train, did not relieve a traveler approaching the crossing of the duty of looking and listening for the approach of trains before attempting to cross the track. *pp. 10–14.*

NEGLIGENCE.—*Personal Injuries.—Complaint.—Contributory Negligence.*—Though plaintiff in an action for personal injuries is not required to allege in his complaint nor to prove the want of contributory negligence, nevertheless if the statement of facts in the complaint shows plaintiff guilty of contributory negligence the complaint is insufficient. *pp. 14, 15.*

From Sullivan Circuit Court; *O. B. Harris,* Judge.

Action by George A. Rich, administrator of the estate of Joseph H. Rich, deceased, against the Evansville & Terre Haute Railroad Company. From a judgment for defendant on demurrer to complaint, plaintiff appeals. *Affirmed.*

*C. D. Hunt,* for appellant.

*J. E. Iglehart, Edwin Taylor, J. T. Hays* and *W. H. Hays,* for appellee.

COMSTOCK, J.—Action by appellant to recover damages for the killing of decedent Joseph H. Rich at a public highway crossing May 3, 1901. At the point in question

the highway crossed the railroad track at right angles, about two miles north of the station at Sullivan.

The complaint charges: That on the east side of appellee's railroad track, 560 feet from said highway, there was a switch, the north end of which was 130 feet south of the crossing; that on the day of the accident two passenger trains were scheduled to arrive and depart from said station—one, north-bound train No. 2, at 3:17 p. m., and the other, south-bound train No. 1, at 3:29 p. m.; that on said date, and long prior thereto, it had been the custom of said train No. 2 to take the siding to permit train No. 1 to pass, which fact was known to decedent. This was not done on the day of the accident. On the contrary, train No. 2 left said station on time, but, without stopping at the siding, it was run by the same and over the crossing at sixty miles per hour, without giving any warning signals of its approach. Decedent was driving a team of horses with wagon, in a slow walk from west to east, and while so doing the wagon was struck on the crossing by the locomotive, decedent was thrown out and immediately killed. It is charged that the view of the railroad track, to the south and on the west side as one approaches the track from the west, was partially obstructed by bushes, undergrowth, a barn, and a house. It is also stated that decedent was familiar with the crossing, and the use of the siding for the purpose stated; that by reason of the premises, and the failure to give any warning of the approach of the train to the crossing, decedent was misled, and led to believe that there was no danger in going over the crossing, by reason of which he was prevented from taking the precautions he would otherwise have done. The essential averments of the complaint, omitting recitals summarized above, are as follows: "That the defendant, by its servants, who were then operating said locomotive train, as aforesaid, unlawfully, carelessly, and negligently failed and omitted to give any warning or signal of the approach of said locomotive and cars

toward said second crossing by the sounding of a whistle or the ringing of a bell or in any manner; that said company purposely failed to run said locomotive engine and cars on said siding provided for said purpose, as said train was so scheduled to take said siding, and as it had been the habit and custom of the defendant's agents and servants running said train so to do, but, on the contrary, unlawfully, negligently, and recklessly ran said train at sixty miles per hour up to and over said second and north crossing without sounding the whistle or ringing the bell of said locomotive, or in any manner giving any warning whatever of the approach of said train to said crossing, and without stopping or slackening the speed for said switch and siding, and without running said train onto said siding; that * * * plaintiff's decedent * * * while he was thus driving along said highway and over said crossing, and was attempting to drive and pass over said crossing, the said wagon was run against and over by said locomotive * * * and said decedent was, by reason thereof, thrown out of said wagon, * * * and then and there instantly killed, solely by and through the negligence of the defendant running its said train over said public highway as aforesaid; * * * that by reason of the unlawful and negligent failure of defendant's servants and employes * * * to sound the whistle or ring the bell or to give any warning whatever * * * said decedent was misled and thrown off his guard, and * * * led to believe that said servants would run said train on said siding; * * * that by reason of the unlawful and negligent conduct of said company, as aforesaid, said decedent was thus prevented from taking the precaution which he would otherwise have observed, and by reason of the facts and circumstances under which said train No. 2 was run towards and over said crossing by said company, as aforesaid, created in the mind of the said decedent a sense of security and a belief that there was no danger, and that said servants and employes intended to and

would run said train on said siding at said time for the aforesaid purpose of permitting passenger train No. 1 to pass said depot." No reference is made to train No. 1, or its non-approach to the crossing, or of the relation it bore thereto at the particular moment in question. The demurrer of appellee to this complaint was sustained, appellant declined to plead further, and, over his objection, judgment was rendered for appellee, from which this appeal is prosecuted.

The ruling of the court in sustaining the demurrer to the complaint is assigned, in this court, as error.

The theory of the complaint—to quote from appellant's brief—is "that the conduct of appellee in failing to sound the whistle and ring the bell on approaching the second north crossing, and failing to run train No. 2 in on the siding, as has been the custom of appellee so to do, misled, deceived, and threw decedent off his guard, and prevented him from taking the necessary precaution which he would otherwise have taken." It is not claimed that either the omission of the railroad company to take the siding or its failure to give the proper signals for the crossing would be sufficient alone to cause an ordinarily prudent man to be misled, but that "the combination of the two circumstances presents an entirely different case." The railroad track is itself a warning of danger. The duty of the traveler to exercise ordinary care exists in all cases, and what is ordinary care in one case may not be ordinary care in another. Elliott, Railroads, §1165, and cases cited.

Knowledge that a train is due imposes upon the traveler a somewhat higher exercise of care than if he was not in possession of such knowledge. Decedent had knowledge that a train was due. The traveler has no right to confine his precautions to trains scheduled to pass at a designated time; he must take precautions against "extra trains" and "wild trains" as well as regular trains. He must act upon the assumption that trains may pass at any time. He must

look and listen for all trains. He has no right to proceed upon the assumption that trains will cross only at specified times. The decedent, if he used any precaution, confined it to trains scheduled to pass at a designated time. This was not enough. Elliott, Railroads, §1166.

The omission of the appellant to side-track the train in question was not negligence. This is, in effect, conceded by appellant. It is the theory of the complaint that this omission and the failure to ring the bell or blow the whistle caused the accident; but, while the failure to give warning of its approach was negligence, such negligence did not excuse decedent from looking and listening. *Miller* v. *Terre Haute, etc., R. Co.,* 144 Ind. 323; *Chicago, etc., R. Co.* v. *Thomas,* 147 Ind. 35; *Baltimore, etc., R. Co.* v. *Conoyer,* 149 Ind. 524; *Louisville, etc., R. Co.* v. *Williams,* 20 Ind. App. 576; *Chicago, etc., R. Co.* v. *Thomas,* 155 Ind. 634; *Oleson* v. *Lake Shore, etc., R. Co.,* 143 Ind. 405, 32 L. R. A. 149; Beach, Contrib. Neg. (3d ed.), §64; *Cleveland, etc., R. Co.* v. *Heine,* 28 Ind. App. 163.

Under the act of 1899 (Acts 1899, p. 58) the plaintiff is not required to allege in his complaint nor to prove the want of contributory negligence on the part of the traveler, but, if the statement of facts in the complaint show decedent guilty of negligence, the complaint will be insufficient. *Malott* v. *Hawkins,* 159 Ind. 127. In *Southern Ind. R. Co.* v. *Peyton,* 157 Ind. 690, cited by appellant, it was held that an averment that the deceased was free from contributory negligence was, under the act of 1899, immaterial. The averment of the complaint under consideration presents a different question. Said act does not abate the legal requirements as to the care that a traveler crossing a railroad track must use, and it does not change the rule that the traveler saw and heard or was heedless of that which, as an ordinarily prudent person, he ought to have taken notice of. *Malott* v. *Hawkins, supra.*

The only act of negligence charged against appellant was the failure to give warning of the approach of the train. If the traveler, as has been held, must take precautions against all trains, decedent had no right to be misled by an act of negligence against which he took no precaution, and against which it was his duty to guard. He could not excuse himself from the exercise of ordinary care by assuming that he could cross in safety. No act of the railroad company, unless it prevents the traveler from losing his senses to discover danger, or lures him into fancied security, will excuse his neglect to look out for himself. The absence of signals is not an assurance of safety. It has been held in numerous cases that the traveler must still be on his guard. It has been held that the absence of a flagman at a railroad crossing, where one is usually stationed, is not to be taken by a traveler as assurance that no train is approaching. McGrath v. New York, etc., R. Co., 59 N. Y. 468, 17 Am. Rep. 359.

The nonuse of accident gates at street crossings is not tantamount to an invitation to cross. Chicago, etc., R. Co. v. Durand, 65 Kan. 380, 69 Pac. 356, 12 Am. Neg. Rep. 29.

The conduct of a railroad company to relieve an injured party from the exercise of ordinary care must be of an affirmative character. The mere omission of a duty to give warning on the approach of a train is not such an act. The presence of the railroad track itself, being a warning of danger, admonishes a traveler that he must use caution.

It appears from the complaint that decedent, because of the alleged negligent misleading facts, was prevented from taking precautions he would otherwise have taken. What he would have done can only be a matter of conjecture, but it appears from the complaint that he took no precautions for his own safety. Neither does the complaint allege that if the signals had been given decedent could have heard them and avoided the collision.

Other objections are urged to the complaint. For the reasons given, it was insufficient, and it is unnecessary to consider them.

Judgment affirmed.