## LAKE ERIE AND WESTERN RAILROAD COMPANY
### *v.* PARRISH.

[No. 6,857.   Filed December 14, 1910.]

1.   MASTER AND SERVANT.—*Railroads.—Switches.—Uncoupling Engine.—Backing Engine on Another Track.—Complaint.*—A complaint alleging that, in the night, defendant's engineer ordered the plaintiff, a brakeman, to stand between the main track and side-track and to uncouple his engine from the train, that while standing there, looking east, in the act of doing such work the engineer of a switch engine on the main track negligently backed such engine, from the west, noiselessly and without signal, upon the plaintiff, to his injury, states a cause of action. pp. 578, 580.
2.   PLEADING.—*Complaint.—Paragraphs.—Initial Attack on Appeal.*—A complaint in two paragraphs, attacked for the first time on appeal, will be held sufficient, if either paragraph is good. p. 580.
3.   MASTER AND SERVANT.—*Railroads.—Switches.—Running Down Brakeman.—Verdict.—Interrogatories.*—A general verdict for a brakeman in an action against a railroad company for running a switch engine, noiselessly and without signal, against him in the night while he was obeying orders to stand between the main and side-tracks and uncouple the engine from the train on the side-track, is not overcome by answers to interrogatories showing that the switch engine extended over the rail twenty-six inches and the distance between the near rails of the two tracks was eight feet, no presumptions or inferences being indulged in favor of such answers.   p. 581.
4.   NEGLIGENCE.—*Contributory.—Verdict.—Interrogatories.*—A general verdict for the plaintiff in an action for negligence is a find-

ing that defendant was negligent, and that plaintiff was not guilty of contributory negligence.  p. 581.

5.  NEGLIGENCE.—*Contributory.*—*Failing to See Visible Objects.*—A. failure to see the approach of a switch engine in the night cannot be held to constitute contributory negligence as a matter of law.  p. 582.

6.  APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.  p. 582.

From Tipton Circuit Court; *James F. Elliott,* Judge.

Action by Oliver Parrish against the Lake Erie and Western Railroad Company.  From a judgment on a verdict for plaintiff for $1,500, defendant appeals.  *Affirmed.*

*John B. Cockrum* and *R. B. Beauchamp,* for appellant.
*L. B. Nash,* for appellee.

MYERS, J.—Appellee recovered a judgment against appellant on account of alleged injuries received on November 7, 1906, while in the employ of appellant as a freight brakeman.  Appellee's complaint is in two paragraphs, and is challenged in this court by the assignment of error that the complaint does not state facts sufficient to constitute a cause of action.  Each paragraph is claimed to be defective for the reasons (1) that it does not appear that appellant was guilty of negligence proximately causing the injury of which the appellee complained, and (2) that the negligence of appellee materially contributed to his injury.

With reference to these objections, the complaint, in substance, shows that on November 7, 1906, appellant owned and operated a line of railway running through Indiana, and into and through the town of Rankin, Illinois; that at and near said town appellant maintained a number of switches and side-tracks, immediately south of its main track, which side-tracks and switches extended east and west, and parallel with said main track; that between 12 and 1 o'clock on the morning of said day, and while dark, when one of appellant's west-bound freight-trains, on which appellee was employed as one of the crew

of said train, reached said switches and side-tracks, it pulled in on what is known as track No. 1, located between six and eight feet south of the main track; that, on entering said side-track, appellee was ordered by the engineer operating the locomotive hauling said train to cut the locomotive loose from the train by throwing a lever, releasing the coupling between the engine and train, as soon as all the cars were in the "clear," which order was to be executed while the train was in motion; that to execute this order properly it was necessary for appellee to get off the engine onto the ground on the north side of the train and face the east, in order to see when the cars had cleared the main track, and to stand away from said train moving westward, yet within reach of the lever which released the locomotive; that on taking such position, in compliance with said order,. he looked west, and saw a switch engine and tender standing on the main track, about five hundred yards away, facing west, otherwise the track was clear; that he then looked to the east to see when the cars had cleared the main track, and while in this position appellant carelessly and negligently backed and coasted said switch engine and tender to the east, along the main track, without using steam or making a noise which could be heard above the noise of said switching train, and carelessly and negligently failed to place a head-light, or provide a watchman on said tender to look ahead while backing said engine and tender; that appellant carelessly and negligently failed to ring the bell or sound the whistle of said switch engine as it approached appellee, and in the operation of said switch engine then and there negligently and carelessly failed to discover the presence of appellee standing between said tracks, or to give him any notice whatever of its approach, and thus in backing said switch engine appellent negligently and carelessly struck appellee with said engine and tender thereto attached, thereby injuring him—describing his injuries.

It is conceded that if either paragraph of the complaint

is good, the attack here made upon the complaint must
2.  fail.   Appellant, in support of the error presented,
argues that the complaint conclusively shows that the
space between the passing switch engine and the train was
amply sufficient for appellee to have performed his duties
therein safely, also that he could safely have per-
1.  formed his duties while on top of a car of the train
until it stopped, and then descended to the ground
and cut the engine from the train; that he could have seen
the approach of the switch engine had he looked.

Looking to the facts as they appear in the complaint, ap-
pellee, at the time he was injured, was occupying a position
reasonably necessary to perform the service required of him.
When appellee took the position described, and for the time
necessary to do the work, the place was not dangerous, ex-
cept from the movement of the switch engine, which he al-
leges appellant negligently moved, thereby injuring him.
We are not advised as to the distance between the passing
trains, but it appears that appellee could not have per-
formed the service from the top of a car.   It appears that
he could have seen the switch engine as it approached him,
had he looked in that direction, but his failure so to look
is explained by the fact that his work required him to look
in the opposite direction.   As we see this case, as made by
the complaint, appellee was in a place at the direction of
appellant, performing a service requiring his attention in
one direction, and while thus engaged he was negligently
run down by appellant's switch engine and tender coming
from the opposite direction.   While the complaint may be
subject to criticism for uncertainty, yet we cannot say that
any essential fact was entirely omitted, or that it does not
contain facts sufficient to bar another action for the same
cause.   The complaint must be regarded as sufficient to
withstand the present attack.   *Vandalia Coal Co.* v. *Indi-
anapolis, etc., R. Co.* (1907), 168 Ind. 144; *Indianapolis
Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402; *Southern*

*R. Co.* v. *Roach* (1906), 38 Ind. App. 211; *Indianapolis Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160.

It is next insisted that the court erred in overruling appellant's motion for judgment on the answers of the jury to interrogatories, notwithstanding the general verdict. In this connection it is claimed that the facts, as found by the jury, show that appellant was not guilty of actionable negligence, and that appellee was guilty of contributory negligence. Appellant's contention in this regard is based upon answers two, four, fourteen, fifteen and sixteen, which are claimed to. be so antagonistic to the general verdict that the latter must give way to the former. These answers show that at the time of the injury the tender which struck appellee protruded twenty-six inches south of the south rail of the main track, and the distance between the south rail of the main track and the north rail of track No. 1 was eight feet, and that appellee was about two feet south of the south rail of the main track, and about three feet north of the train on track No. 1.

The general verdict in this case amounted to a finding that appellant was guilty of actionable negligence, and that appellee was not guilty of contributory negligence. Under the settled law in this State, we are to resolve all reasonable presumptions and intendments in support of the general verdict, while the facts so found must be considered for what they are worth, unaided by any such presumption or intendment. The findings to which we are referred simply show the position of appellee with reference to the train, tracks and switch engine at the time of the alleged injury.

We cannot agree that but one conclusion—that of contributory negligence on the part of the appellee—could be reached from the mere fact that in the nighttime appellee was a few inches too close to the main track, in view of the evidence which might have been introduced under the pleadings on that subject, or that he was

negligent in failing to see the switch engine as it approached him in time to avoid a collision. Contributory negligence is a matter of defense, and while the law, as a general proposition, presumes one to have seen that which was within the range of his vision, yet this presumption will yield to the particular facts and circumstances of the case. For, while appellee might have seen the engine in time to escape injury, had he looked, yet the circumstances may have been such that he was excused from looking. There is no finding from which the court can say, as a matter of law, that he was not excused from looking; and, this being true, the findings are not in irreconcilable conflict with the general verdict. See *Grand Trunk, etc., R. Co.* v. *Reynolds* (1911), 175 Ind. —; *Pittsburgh, etc., R. Co.* v. *Rogers* (1910), 45 Ind. App. 230.

It is claimed that the verdict of the jury is not sustained by sufficient evidence. After carefully reading the evidence, we are convinced that it would have supported a verdict for either of the parties. In many particulars there is positive conflict. These disputes were settled by the jury, and in overruling the motion for a new trial the trial court affirmed the action of the jury. There being evidence to support the verdict, we are not at liberty to disturb the judgment on that account.

Judgment affirmed.