## SARE *v.* HOADLEY STONE COMPANY.

[No. 8,325.   Filed June 12, 1914.   Rehearing denied December 8, 1914.   Transfer denied December 29, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.*—*Trial.*—*Answers to Interrogatories.*—In an action by a stone mill employe for injuries received while moving stone, answers to interrogatories showing that plaintiff, who was a man of experience, was told to move a smaller stone which lay partially under a larger one, without specific direction as to the manner of proceeding, that it was his duty in such case to determine for himself the manner of doing the work, that though the position of the stones could readily have been seen in time to have avoided the injury, plaintiff, knowing that the safer way was to move the top stone first, attempted to move the lower stone and was injured by the falling of the upper one, and also showing that plaintiff did not know that there was danger in moving the lower stone without first moving the upper one, and could not have seen the danger of the

traveler hooks attached to the lower stone striking the upper one. so as to knock it over on him in time to have avoided the injury, etc., were not conflicting with each other, but when construed together show that, though he had no actual knowledge, he had constructive knowledge of the danger. p. 467.

2. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.*—A servant is held to assume the risk of injury from dangers of which he has knowledge, and also the risk from dangers which he might have discovered by the exercise of reasonable care. p. 469.

3. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.*—In an action by a stone mill employe for injuries incurred while moving stone, where the negligence charged was the conduct of defendant's manager in placing a large stone so as to partially rest upon a smaller one so that it was likely to be turned or thrown over when jarred or struck in the moving of other stones, and in directing plaintiff to move the lower stone without warning him of the danger, a verdict for plaintiff was overcome by the jury's answers to interrogatories showing that the danger was open, obvious and appreciable by a person of ordinary intelligence, and that plaintiff was a man of such intelligence and of long experience in and about stone mills and quarries. p. 469.

4. MASTER AND SERVANT.—*Injuries to Servant.—Trial.—Answers to Interrogatories.—Construction.*—In a stone mill employe's action for injuries, sustained while moving stone, where the particular danger which plaintiff charged as due to the defendant's negligence was the unstable position of a large stone which rested upon a smaller one, and the danger of attempting to lift the smaller stone while the larger was in such position, the jury's answer to an interrogatory to the effect that plaintiff, if he had looked, could have seen that it was dangerous to move the smaller stone before moving the top stone, can not be held to refer to the general danger incident to the risk, but amounts to a finding that plaintiff could have seen the particular danger which caused his injury if he had looked. p. 470.

5. TRIAL.—*Verdict.—Answers to Interrogatories.—Construction.*—In case of reasonable doubt as to the meaning of answers to interrogatories, the same should be given a fair and reasonable construction so as to resolve the doubt in such way as to reconcile them with the general verdict, but the court is not required to give to them a strained or unreasonable construction. p. 470.

6. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.—Knowledge of Danger.*—In a stone mill employe's action for injuries sustained while moving a stone upon

which a larger stone was partially resting, a verdict for plaintiff was overcome by the jury's answer to an interrogatory merely stating that plaintiff could have seen the danger if he had looked, where other facts found by the answers were such as to warrant the court in saying as a matter of law that he was not excusable for failure to look.  p. 471.

7.  MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Contributory Negligence.*—The doctrine of assumed risk does not apply where the negligence charged consists in the violation of a statutory duty, and in such cases contributory negligence is usually a question for the jury, except where it can clearly be said to exist as a matter of law, but a servant is precluded from recovery on the ground of assumed risk in all cases where the doctrine is applicable, if the danger was known and appreciated and was voluntarily encountered by him.  p. 472.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Mack Sare against the Hoadley Stone Company.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*Thomas J. Sare* and *Rufus H. East,* for appellant.

*Ira C. Batman, Robert G. Miller* and *James W. Blain,* for appellee.

LAIRY, J.—This was an action by appellant to recover damages for personal injuries sustained by him while in the employ of appellee.  The complaint was in two paragraphs and the answers were in general denial.  The cause was tried by a jury which returned a general verdict in favor of appellant in the sum of $1,500.  The jury also returned with the general verdict certain interrogatories and answers thereto.  Appellee moved for judgment on these answers notwithstanding the general verdict which motion was sustained and appellant excepted.  Judgment was then rendered against appellant and from this judgment he appeals, assigning as error the action of the court in sustaining appellee's motion for judgment on the answers to interrogatories notwithstanding the general verdict.

It is the contention of appellant that the answers to interrogatories are not in irreconcilable conflict with the gen-

eral verdict while it is the contention of appellee that such interrogatories and answers conclusively show that appellant assumed the risk of the injury and was guilty of contributory negligence precluding his recovery, and that therefore the court committed no error in sustaining its motion.

The interrogatories and answers so far as necessary to a determination of this cause are in substance as follows: On May 5, 1910, and for about sixteen months prior 1. thereto, appellant was in the employ of appellee at its stone mill and was engaged as head hooker on a traveler. It was a part of his duties as such head hooker to assist in attaching the hooks or dogs to the stone to be lifted and to give signals to the operator of the traveler. Appellant was a man of about forty-six years of age, of average intelligence and good eyesight and had had about fourteen years' experience in working in and about stone quarries and mills. On the day before the accident, appellee's employes, under the direction and assistance of the general manager, moved certain stones and placed them in a stack in the mill yard. A large stone was placed above a smaller one and in such a position that it was liable to be knocked or turned over if it was struck by other stone or the appliances attached thereto when being lifted by the traveler. Immediately before the injury, appellee's manager directed appellant to move said smaller stone which lay between two piles on which the large stone rested. Appellant decided to move the smaller stone without first moving the stone above and signalled the traveler runner to set the traveler over the lower or smaller stone and let down the hooks or dogs. The top stone was oölitic limestone. It was about four feet long, two feet high, and three feet wide at the bottom and it extended practically east and west. It was located in the south end and uninclosed portion of the mill yard and the bottom of the stone was about three feet from the ground. The smaller stone extended practically north and south, it lay several inches below the top stone and the

south end of the lower stone extended in under the larger one. There was no stone or other object on the north, west, or south sides of the top stone to cut off or obstruct the view of a person observing it from such directions and there was nothing to prevent a person passing or approaching the top stone from either the north or south direction from seeing its position and the manner in which it was resting on the stack. Appellant went from the north side of the top stone, passing within a few feet thereof, around to the south side and then approached the stone from that direction to within a few inches of it. He stooped down and placed one of the dogs in the south end of the lower stone while the second hooker placed the other dog in the opposite end thereof. While in this stooping position appellant signaled the traveler runner to start the power of the traveler. The signal was obeyed and the lower stone was slightly raised from the ground. The upper or larger stone was overturned upon appellant and he sustained the injuries for which he sues. The appellee did not give appellant any directions as to the way or manner in which he should move the lower stone and it was a part of appellant's duties as head hooker in appellee's mill to determine for himself the way and manner in which to move stone when given no specific direction with reference thereto. The appellant could have seen and known the position of the smaller stone and that one end of the same extended in under the top stone in time to have avoided his injuries if he had looked as he proceeded with his work. Appellant could have taken the top stone from the stack before he attempted to move the lower stone and if he had done so the smaller stone could have been moved in safety. He knew that the top stone could be moved before attempting to move the lower one and knew that moving the top stone before moving the lower one would be a safe way to move such lower stone. Appellant could have seen as he proceeded with the work that it was dangerous to move the lower stone without first

Sare *v.* Hoadley Stone Co.—57 Ind. App. 464.

moving the upper one. He voluntarily attempted to move the lower stone without first attempting to move the upper stone and his injuries were received by doing the work in this manner. He would not have been injured if he had moved the top stone before attempting to move the lower one. The jury also found that appellant did not know that there was danger in moving the lower stone without first moving the upper one and that if appellant had looked he could not have seen that there was danger of the hooks and chains attached to the lower stone striking the upper stone and knocking it over on him in time to have avoided his injuries; but these answers are not inconsistent with the answer that appellant could have seen as he proceeded with the work that it was dangerous to move the lower stone without first moving the upper stone. Construed together these answers show that appellant had no actual knowledge of the danger which caused his injury, but that he did have constructive knowledge of such danger. A servant is 2. held to assume the risk of injury from dangers of which he has knowledge and the same rule applies to dangers which he might have discovered by the exercise of reasonable care.

The only negligence charged against appellee was the conduct of its general manager in placing the stone in question on top of the other stones and leaving it in such a 3. position that it was likely to be turned or thrown over in case it was jarred or struck with other stones in lifting them from the pile, and his further negligence in directing appellant to move a stone lying under the stone so placed without warning appellant of the dangerous condition. The answers to the interrogatories show that the danger was open and obvious and that appellant could have known of it if he had looked. The answers to interrogatories further show that the danger was of such a character that any person of ordinary intelligence could understand and appreciate it, and that appellant, at the time he was in-

jured, was a man of ordinary intelligence, forty-six years of age, with fourteen years of experience in working in and about stone quarries and mills. While it is true that the answers to the interrogatories do not find the inferential fact that appellant could have appreciated the danger, still the substantive facts found are of such a character that no other reasonable inference could be drawn.

It is further argued on behalf of appellant that even though it be conceded that the answer in question does find that appellant could have seen and appreciated the danger if he had looked, this finding can not necessarily be held to refer to the particular danger which resulted in his injury, and that, for the purpose of sustaining the general verdict, we should hold that the danger to which this answer has reference is the general danger incident to the work, rather than the specific danger which caused the injury. The court is required to give a fair 'and reasonable construction to the answers to the interrogatories. Where there is a reasonable doubt as to the meaning of an answer, such doubt will be resolved in such a way as to reconcile the answer with the general verdict, but this rule does not require the court to place a strained and unreasonable construction upon such answers. The particular danger, which appellant charges was due to the negligence of appellee and which resulted in injury to him, was the unstable condition of the large stone on account of the manner in which it rested on the two piles and the danger of attempting to lift a smaller stone lying partially under it while it was in that position. This is the danger to which the minds of the jurors were directed throughout the trial. The jury said by its answer to interrogatory No. 74 that appellant could have seen, if he had looked, as he proceeded with his work, that it was dangerous to attempt to move the smaller or lower stone without first removing the top stone. This fairly construed, amounts to a

finding that he could have seen the particular danger which caused his injury if he had looked.

It is further insisted on behalf of appellant that the finding by the answer to interrogatory No. 74, that appellant could have seen the danger if he had looked, does not

6. amount to a finding that he could have discovered the danger by the exercise of such care as a person of ordinary prudence would have exercised under the circumstances, for the reason that circumstances may have existed which, to the minds of the jurors, would afford such a person a reasonable excuse for not looking. This court has held that such a finding is not inconsistent with the general verdict unless other answers find facts from which the court can say as a matter of law that he was not excusable for a failure to look. *Lake Erie, etc., R. Co.* v. *Parrish* (1910), 46 Ind. App. 577, 93 N. E. 450. In this case, however, the answers to the interrogatories do show a state of facts from which it clearly appears that there was no excuse for appellant's not looking. The facts thus found show that the stone which afterward turned over and injured appellant was lying about three feet above the ground or floor of the yard, with each end resting upon a pile of stones; and that the stone to be moved was lying between these two piles with its south end under the large stone. It further appears that appellant passed from the north side of the stone around the east side to a point on the south side; that he had good eyesight and that the top stone was in plain view, and that he was within a few feet of it in passing around it from the north to the south side, and that if he had looked after he passed to the south side, he could have seen the top stone and the manner in which it had been set on the stones upon which it was resting; that appellant just before his injury approached from the south to within a few inches of the top stone, and that in so approaching he could have seen, if he had looked, the manner in which the top stone was resting on the stones beneath. Appellant controlled the ma-

chinery and the power was not applied until he gave the signal. He was not required to act hastily. Under such a state of facts the court has no hesitancy in saying as a matter of law that there was no reasonable excuse for appellant's not looking. The answers to the interrogatories clearly show that appellant had constructive knowledge of the danger and that he assumed the risk, and in this respect they are in irreconcilable conflict with the general verdict.

In cases where the negligence charged consists in the violation of a duty imposed by statute, the doctrine of assumption of risk has no application. In such cases this court has recently held that an injured servant is not necessarily precluded from recovery because in doing the work he voluntarily adopted a way which was known to be dangerous when a safe way or a safer way was known and open to him. In these cases it was held that the question as to whether such conduct amounted to contributory negligence must be determined by the standard of ordinary care under the circumstances, and that in most cases it is a question of fact for the jury. The question of negligence should be left to the jury in such cases, unless, from a consideration of the character of the danger, and the circumstances under which it was encountered, the court can say as a matter of law that no person of ordinary prudence would have encountered it and that there is no room under the undisputed facts for any other reasonable inference. *Pulse* v. *Spencer* (1915), *post* 566, 105 N. E. 263; *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424. However, the rule announced in these cases applies only to the question of contributory negligence and has no application to the question of assumption of risk. In the cases cited and in which the rule was applied, the negligence charged was the violation of a duty imposed by statute in failing to guard dangerous machinery. The doctrine of assumption of risk has no application in cases of this kind; but in cases to which that doctrine applies it must still be held as

a matter of law that a servant who voluntarily encounters a known and appreciated danger assumes the risk of any injury resulting therefrom, and that he must be denied a recovery on that ground.

The trial court did not err in sustaining appellee's motion for judgment on the answers to interrogatories notwithstanding the general verdict. Judgment affirmed.

NOTE.—Reported in 105 N. E. 582. As to assumption of risk, see 52 Am. Rep. 737. As to servant's assumption of risk of dangers, created by master's negligence, which might have been discovered by the exercise of ordinary care on the part of servant, see 28 L. R. A. (N. S.) 1250. As to servant's assumption of risk of danger imperfectly appreciated, see 4 L. R. A. (N. S.) 990. As to servant's assumption of risk from latent danger or defect, see 17 L. R. A. (N. S.) 76. As to assumption of risk of master's breach of statutory duty, see 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229; 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210. See, also, under (1) 26 Cyc. 1513; 38 Cyc. 1926; (2) 26 Cyc. 1177; (3) 26 Cyc. 1513; 38 Cyc. 1927; (4) 26 Cyc. 1515; 38 Cyc. 1930; (5) 38 Cyc. 1930; (6) 26 Cyc. 1514; 38 Cyc. 1927; (7) 26 Cyc. 1180, 1482, 1177.