NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY
*v.* MILLER, ADMR.

[No. 15,068. Filed February 18, 1936.]

*Harker & Irwin, Kemp, Kemp & Russell,* and *W. J. Stevenson,* for appellant.

*Overson & Manning* and *Cleon Wade Mount,* for appellee.

DUDINE, J.—This was an action for damages for death of Flossie Pyle resulting from a collision of an automobile, which decedent was driving, with appellant's train at a railroad crossing.

The issues were formed by a complaint and an answer in general .denial. Several questions are presented in this appeal as to the complaint, but in view of the conclusions reached in this opinion, it is not necessary that we discuss either said pleading or said questions.

The cause was submitted to a jury for trial. At the close of all the evidence appellant filed a motion for a directed verdict for the defendant, which motion was overruled by the court, with exceptions to appellant.

The jury answered interrogatories and found for appellee, assessing damages against appellant, and the court rendered judgment upon the verdict.

Appellant filed a motion for new trial, which was overruled.

Several alleged errors are assigned and discussed in appellant's brief, but it is not necessary that we discuss any of them except the alleged error in overruling appellant's motion for a directed verdict.

The evidence indisputably shows that appellee is the duly appointed and qualified administrator of the estate of said decedent; that decedent on the day of said accident, and for two or three weeks prior thereto was working in the canning factory of Kemp Brothers Packing Co. which is located along the north line of the right of way of appellant railroad company, about one-fourth mile east of Kempton, Indiana. The only way of approach to the factory was by way of a public highway, which ran parallel with the south line of said right of way, to a roadway which crossed appellant's tracks and led into the premises of the packing company along the west end of the factory. The briefs show a dispute between the parties, as to whether said crossing was a public or a private crossing, but it is not necessary that we determine that question. Between the canning factory premises and said public highway are three railroad tracks, a "main track," which is farthest south, a "passing track," the center line of which is, at that point, approximately fourteen feet north of the center line of the main track, and a spur track, the center line of which, at that point, is approximately twenty-seven feet north of the center line of the main track. The three tracks are parallel at that point. The main and passing tracks cross said roadway, but the spur switch track ends near the east edge of said roadway, an earth bumper being provided at that point. The spur track

was used solely in "spotting" cars for the canning company.

At the time of the collision there were three box cars on the west end of the spur track. The car farthest west was not less than five feet from said driveway. This car had been spotted there about 8:30 A. M. of the day previous to the accident, and had not been moved in the meantime.

Decedent was acquainted with the premises. She had driven her automobile over said crossing to and from her work frequently. When the collision occurred she was on her way home. Her automobile had been parked north of the canning factory, and in starting for home she came around the northwest corner of the factory, into the driveway, thence southward toward the tracks, and was hit by appellant's train coming westward on the main track. The canning factory was running at the time.

The evidence indisputably shows that after decedent passed the south line of said box cars her view along the main track for a distance of five hundred feet eastward from the crossing was wholly unobstructed, and she could from then on have seen the train approaching if she had looked eastward to see whether a train was coming; she could not have seen a train coming from the east at any place, along the route she pursued, until she got beyond the box cars; she was driving not less than fifteen miles per hour; she did not slacken her speed from the time she started until the collision occurred.

" 'The law requires . . . that a person approaching a railroad crossing upon a public highway, shall use ordinary care to avoid injury.' . . . It is requisite to the exercise of ordinary care by one about to go over a railroad grade crossing that he look both ways and listen attentively, and if by looking he could have seen,

and if by listening he could have heard an approaching train in time to avoid collision, it is presumed, if such collision occurs, that he either did not look and listen or did not heed what he saw and heard, in either of which events he is guilty of contributory negligence." *B. & O. R. Co.* v. *Rosborough* (1907), 40 Ind. App. 14, 18, 80 N. E. 869. See also *Cleveland, etc., R. Co.* v. *Griffin* (1901), 26 Ind. App. 66, 58 N. E. 503; *Pittsburgh, etc., R. Co.* v. *Fraze* (1898), 150 Ind. 576, 50 N. E. 576; *Morford* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 494, 61 N. E. 857.

"When a person before attempting to cross a railroad track does not heed the danger of his situation, and fails to look and listen for an approaching train, he is guilty of negligence as a matter of law, . . ." *Cleve., etc., R. Co.* v. *Van Laningham* (1913), 52 Ind. App. 156, 164, 97 N. E. 572.

We think the evidence conclusively shows that decedent failed to heed the danger of her situation. There is no evidence in the record which rebuts either the presumption that she did not look and listen or that she did not heed what she saw and heard if she looked and listened, which presumptions arise from the fact, indisputably shown, that she could have seen the train if she had looked eastward for a train, at a time when she could have avoided the collision if she had seen the train coming, she being acquainted with the premises.

The facts in this case are quite similar in legal effect to the facts considered in *Waking* v. *Cincinnati, etc., R. Co.* (1920), 72 Ind. App. 401, 125 N. E. 799, wherein the trial court rendered a judgment for defendant on answers to interrogatories, notwithstanding a general verdict for the plaintiff. On appeal this court said (p. 409):

". . . we are confronted with the following state of facts: Appellant's decedent crossed appellee's three railroad tracks going west on High Street in an automobile. After going to a point about fifty feet

west of the same, he turned the automobile toward the east and attempted to recross said tracks. These tracks of themselves served as a warning to him of the presence of danger. The obstruction on each side of the street, at the point where he turned, and from such point east toward the tracks, were of such a character that, had he exercised reasonable care, he would not have failed to observe that his view of such tracks and the approach of trains thereon was obstructed thereby. This fact, of which he must be held to have had knowledge, increased the danger in recrossing said tracks, and imposed on him the duty of exercising increased vigilance. As he crossed the first track going east, his view toward both the north and south was cut off by freight cars standing thereon. His view along the second track, being the one which he crossed immediately before he was injured, was unobstructed. By reason of this fact, he could have seen the train which struck him, by looking with ordinary care toward the north, when at any point within twenty feet of the place he was injured. He could have stopped his automobile in a place of safety, by acting with reasonable promptness in applying the brakes and cutting off power, after he could have discovered the train by looking north. There was nothing to prevent him from looking north, in the exercise of reasonable care in approaching the crossing, during the last twenty feet of his travel, and in time to have stopped. He did not stop, but drove on the third track, and was killed. These facts when viewed in the light of the well-established rules cited above, force us to conclude that the decedent was guilty of negligence, which contributed proximately to his injury, and that the trial court therefore did not err in sustaining appellee's motion for judgment on the answers to the interrogatories."

The same reasoning applies to the facts indisputably shown in this case, with reference to the alleged error of the court in overruling appellant's motion for a directed verdict for defendant.

We hold the evidence shows contributory negligence, as a matter of law, on the part of decedent, and there-

fore, that the verdict is not sustained by sufficient evidence, that the verdict is contrary to law, and that the court should have sustained appellant's motion for a directed verdict.

Judgment reversed with instructions that the trial court render judgment for appellant.