Davis *v.* Draper.

4-6220                                          148 S. W. 2d 662

Opinion delivered March 17, 1941.

*J. F. Quillin* and *William P. Alexander,* for appellant.

*Bates, Poe & Bates,* for appellee.

GRIFFIN SMITH, C. J. The appeal is from a judgment for $50 to compensate the loss of a colt. Appellant was driving south on Highway No. 71. Appellee was proceeding north on the highway with two mares. The colt was following its mother, and had been walking on the side of the highway from Mill Creek to appellee's home, the stock having been taken to water.

Appellee testified it was thirty-five steps from where the colt got on the paved highway to where it was hit by appellant's truck; that appellant must have been one hundred yards from the animal when it reached the highway, and that it was about two feet "over on" the asphalt when struck. The road was straight and clear of obstructions.

Appellant testified he did not see the colt, but added that about the time the truck and the colt collided he applied brakes and swerved to the left. The collision occurred just before dark. It is appellant's contention that he was watching appellee and the two mares; that the colt was not on the road, nor in any position to be seen. Appellant was driving at a reasonable rate of speed—about forty miles per hour—and the colt suddenly ran into the road and against the right front fender of the car.

If appellant's testimony had been accepted by the jury there would have been no liability.

Appellee's version is that the truck was traveling at 50 miles per hour. The colt had been on the road long enough for appellant to have seen it if he had been exercising ordinary care. There was plenty of room on the highway to have avoided the collision if appellant had steered his car as prudence required. If appellee's testimony is believed, appellant was negligent. The case went to the jury on these and other conflicting statements. We cannot say that the verdict was not supported by substantial evidence.

Objection is made to certain instructions given, and to some refused. While the diligence and skill with which counsel have urged the several points are commendable, the record as a whole is free from error. If only the evidence of appellant should be construed, certain instructions would be abstract. But when consideration is given to the evidence of appellee there is basis for the instructions complained of. For example, one of the instructions in effect directed the jury to consider evidence to which the last clear chance rule was applicable. It is urged this was error because there was no evidence that appellant saw the colt before he struck it. Appellee, however, testified that the colt was in the road within appellant's range of vision. The fact that appellant says he did not see it is not conclusive. If in the circumstances a reasonable man would have seen the colt, the jury had a right to determine whether appellant was candid in saying that he did not. Expressed differently, there is a presumption that persons possessing good eyesight must have seen that which was within the range of their vision if such persons gave attention and looked.[1] Hence, there was testimony upon which to predicate the instruction.

The judgment is affirmed.

---

[1] *Lake Erie, etc., R. Co.* v. *Parrish,* 46 Ind. A. 577, 93 N. E. 450; *Lowden* v. *Pennsylvania Co.,* 41 Ind. A. 614, 82 N. E. 941; *St. Louis-San Francisco Ry. Co.* v. *Hill, Guardian,* 197 Ark. 53, second paragraph on page 58, 121 S. W. 2d 869.