## THE ROMONA OÖLITIC STONE COMPANY *v.* SHIELDS, BY NEXT FRIEND.

[No. 21,246.    Filed May 25, 1909.    Rehearing denied October 15, 1909.]

1.  APPEAL.—*Assignments of Errors.—Ruling by Wrong Trial Court.*—An assignment alleging that the Morgan Circuit Court erred in overruling defendant's demurrer to the plaintiff's complaint presents no question, where such demurrer was overruled by the Monroe Circuit Court.  p. 70.

2.  MASTER AND SERVANT.—*Defective Derrick.—Evidence.*—Evidence that a derrick was made to carry stone weighing not to exceed 1,500 pounds, and that defendant knowingly permitted its use in handling a stone weighing 4,000 pounds, thereby breaking, and injuring the plaintiff, sustains an allegation that such derrick, to defendant's knowledge, was not of sufficient strength to carry more than 2,000 pounds, and that with such knowledge, defendant overloaded same with a stone weighing 6,000 pounds, thereby causing it to break, to plaintiff's injury.  p. 70.

3.  EVIDENCE.— *Opinions.—Witnesses.—Non-Expert.—Competency.— Jury.*—Non-experts, after stating their experience in the use of derricks and of estimating their strength, are competent to testify what, in their opinion, was the capacity of the derrick in question, the weight of the testimony being for the jury.  pp. 72, 75.

4.  MASTER AND SERVANT.—*Contributory Negligence.—Choosing Dangerous Methods.—Evidence.*—The Supreme Court, in the absence of evidence thereof, cannot declare a servant guilty of contributory negligence, as a matter of law, for stooping down, at his employer's request, to pick up a tool, his head coming within range of a crank, which injured him, when he might have walked around so as to pick it up without being within the range thereof.  p. 72.

5.  MASTER AND SERVANT.—*Contributory Negligence.—Assumption of Risk.—Questions for Jury.*—The questions of the contributory negligence and the assumption of risk of a servant eighteen years old, who had worked for his employer in a stone mill for two days, who knew nothing of the capacity of a derrick used in lifting stones, and who, at his master's command, stooped to pick up a tool when he was struck by the crank of such derrick which was released by the breaking of a "dog" holding a stone, are for the jury.  p. 73.

6.  MASTER AND SERVANT.—*Improper Use of Proper Machinery.— Fellow Servants.—Superintendent.*—The overloading of a derrick,

and consequent injury of a servant, does not absolve the master from liability because of the improper use of proper tools, where the master's superintendent was present and approved such use. p. 73.

7.  DAMAGES.—*Excessive.*—*Injuries to Head.*—A judgment for $7,000 is not excessive, where the plaintiff was struck upon the head by a revolving crank, causing permanent epileptic convulsions. p. 74.

8.  TRIAL.—*Instructions.*—*Master and Servant.*—*Safe Appliances.*—*Duty.*—*Delegation of.*—An instruction that it is a master's duty to furnish reasonably safe appliances, and that such duty cannot be delegated so as to avoid responsibility, is clearly right. p. 74.

9.  TRIAL.—*Instructions.*—*Master and Servant.*—*Overloading Machinery.*—*Contributory Negligence.*—*Assumption of Risk.*—Instructions that a master is liable for overloading machinery, thereby injuring a servant, unless such servant's negligence contributed to the injury, or unless he assumed the risk, are proper, where other instructions explained contributory negligence and assumption of risk. p. 74.

10.  TRIAL.—*Instructions.*—*Master and Servant.*—*Concurring Negligence of Master and Fellow Servant.*—An instruction that a master is liable to his injured servant, even though a fellow servant's negligence also contributed to the injury, is correct. p. 74.

11.  TRIAL.—*Instructions.*—*Applicability.*—*Master and Servant.*—*Defective Machinery.*—Instructions exempting the master from liability, on the ground of misuse of appliances, are properly refused, where such master's superintendent was present and consented to the overloading of such appliances. p. 75.

12.  EVIDENCE.—*Usual Way of Fastening Stone on Derrick.*—*Exclusion.*—Evidence of the usual way of arranging a "dog" upon a derrick in order to suspend the load is properly excluded, where no complaint was made of the arrangement thereof, the question being the capacity of the "dog" to bear the load. p. 75.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Otis Shields, by his next friend, against the Romona Oölitic Stone Company. From a judgment on a verdict for the plaintiff, defendant appeals. *Affirmed.*

*Duncan & Batman,* and *Edenharter & Mull,* for appellant. *Rufus H. East* and *Renner & McNutt,* for appellee.

MONTGOMERY, C. J.—Appellee brought this action in the Monroe Circuit Court to recover damages for a personal in-

jury sustained while in appellant's service. The venue was changed to the Morgan Circuit Court, where a trial resulted in a verdict and judgment for $7,000 in favor of appellee.

Appellant charges the Morgan Circuit Court with error in overruling (1) its demurrer to the complaint, (2) its motion for judgment on the answers of the jury to interrogatories, notwithstanding the general verdict, and (3) its motion for a new trial.

Appellant's demurrer to the complaint was overruled by the Monroe Circuit Court, hence the first assignment of error when tested by the record presents no question for re-

1. view. *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 642; *Smith* v. *Smith* (1886), 106 Ind. 43; *Indiana, etc., R. Co.* v. *McBroom* (1884), 98 Ind. 167; *Evansville, etc., R. Co.* v. *Lavender* (1893), 7 Ind. App. 655; Ewbank's Manual, §127.

It is not deemed necessary nor proper to set out the interrogatories and answers thereto at length, since it is manifest that the special facts found by the jury are in harmony with the verdict. There is no legal or plausible ground for the insistence that the court erred in overruling appellant's motion for judgment on the answers of the jury, notwithstanding the general verdict.

Appellant's motion for a new trial alleged that the damages assessed by the jury are excessive, the verdict is not sustained by sufficient evidence and is contrary to law, that the court erred in giving and in refusing to give certain instructions, and in admitting and in excluding certain testimony.

Appellee, when injured, was engaged, with others, in placing a large stone eleven feet long and about eighteen inches square in a lathe by means of a hand derrick. A part

2. of the machinery of the derrick consisted of a metal wheel to which a cylinder and a crank were attached, and this wheel had cogs or notches in which a piece of metal called a "dog" worked so as to hold at any given point the

load being hoisted. The stone was suspended from the derrick, but not quite high enough to be let down into the lathe, and they were about to crank it up a little higher, when the dog bent and the stone dropped, suddenly causing the crank to revolve with great speed and force, and appellee was struck on the top of the head by the revolving crank and seriously injured. It was alleged in the complaint that this metal dog was made of soft iron, and was not of sufficient strength safely to hold the load on said derrick, or safely to do the work required of it by appellant; that appellant knew the capacity of said derrick did not exceed 2,000 pounds, and, with such knowledge, knowingly overloaded the same, and suffered and permitted it to be used to lift said stone weighing 6,000 pounds.

Appellant's first contention is that the evidence fails to show notice to it of any defect in the derrick, or knowledge that its capacity was insufficient to sustain the weight placed upon it at the time appellee was injured. The stone suspended from the derrick at the time of the accident was eleven feet long and about eighteen inches wide and eighteen inches thick, containing about twenty-five cubic feet. Witnesses testified that each cubic foot of the stone weighed from one hundred and sixty to one hundred and seventy pounds, and that the total weight of the stone was 4,000 pounds. Appellant rests its defense chiefly upon the ground that the derrick was doing its ordinary work, and was of sufficient strength for the purpose. If the derrick was intended to be used in handling stones of the size and weight before stated, appellant was bound to know that it was suitable and reasonably safe for the purpose. The superintendent in charge of the plant testified that, with his knowledge, the derrick had been used to lift stones heavier than this one, and that he knew this stone was being placed in the lathe by means of the derrick, and made no objection. There was no evidence that any expert opinion had been sought or examination made as to the capacity of the derrick prior to the ac-

cident, but in a few instances it was subjected, in actual use, to great burdens, until it finally gave way. Skids were formerly used to support large stones while being placed in the lathe, because, as one of appellant's witnesses said, they were "a little bit afraid of the derrick;" but becoming gradually bolder they undertook to handle the large columns wholly with this derrick. The derrick was built about six years before the accident by Charles Whitsell, a blacksmith, for a former owner of the quarry. He said it was a small derrick and to be used in emergencies, when the traveler was busy, to handle small stones seven feet long, from five to eight inches in thickness, and weighing from 1,000 to 1,500 pounds, and was not intended to be used to handle any larger stones. The dog which bent was of round iron three-fourths of an inch in thickness and eight or nine inches long, and was the one put into the derrick at the time of its construction. Whitsell placed the capacity of the derrick at 1,500 pounds. There was other evidence to the same effect. Appellant questions the worth of some of this evidence, but, in our opinion, the witnesses were competent, and their opinions were confirmed by the physical fact that the derrick did break down under the weight to which it was subjected. The evidence was sufficient to sustain the charge of negligence preferred in the complaint. *Consolidated Stone Co. v. Morgan* (1903), 160 Ind. 241.

It is next urged that appellee was guilty of contributory negligence in placing his head within range of the crank of the derrick. Appellee was about to take hold of the crank for the purpose of raising the stone a few inches, when the foreman requested that he hand him a certain tool which lay immediately beneath the crank. He stooped to pick up the tool, when the dog bent and the revolving crank struck him upon the top of the head. It is suggested that he might have stepped around westward and reached under for the tool, without bringing his head within

range of the crank, and not having done so, but having chosen the unsafe way, he was chargeable with contributory negligence. Many cases are cited upon the proposition that an employe who voluntarily adopts an unsafe way to do an act, and is thereby injured when a safe way was equally available, will be chargeable with contributory negligence. These cases are not controlling here, for the reason that no such safe way was shown by the evidence, but from a photograph and general description of the place this court is asked to draw the inference that there was a safer way to pick up the tool in question. The question of appellee's contributory negligence was primarily for the jury. He was eighteen years of age, had worked in the mill but two days, and testified that he had no knowledge of any defect or incapacity in the derrick. He had a right to act upon the assumption that it was reasonably safe under these circumstances, and we find no reason to criticise the finding of the jury on this point, and certainly no warrant for declaring, as a matter of law, that appellee was guilty of contributory negligence. *Ambre* v. *Postal Telegraph-Cable Co.* (1909), 43 Ind. App. 47; *Whiteley, etc., Castings Co.* v. *Wishon* (1908), 42 Ind. App. 288; *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170; *Indianapolis St. R. Co.* v. *Hockett* (1903), 161 Ind. 196; *McIntyre* v. *Orner* (1906), 166 Ind. 57, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359.

Appellant claims also that the overloading of this derrick was the improper use of proper instrumentalities, and hence the negligence of a fellow servant. This contention is not consistent or tenable. Appellant's superintendent was in the mill at the time of the accident, and, as a witness, testified that such use of the derrick was with his authority and approval, and similar work had been done on previous occasions. 26 Cyc., 1081.

The jury returned a verdict in favor of appellee for $7,000. The injury resulted in epileptic convulsions, for which there

is no reasonable hope of a cure.  We cannot say that in assessing such damages for this injury the jury was manifestly influenced by prejudice or partiality, and are not justified in disturbing the judgment on the ground of excessive damages.  *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, and cases cited.

Objections were made to instructions three, six, seven, thirteen and seventeen given by the court.  The third instruction advised the jury that it is a master's duty to furnish reasonably safe appliances and machinery for the performance of the work required of his servant, and that this duty cannot be so delegated as to avoid responsibility.  This declaration of law is elementary and clearly right.

The sixth instruction charged that if appellant knowingly and negligently overloaded its derrick and machinery, as alleged in the complaint, and thereby caused appellee's injuries, it would be liable; and the seventh declared the law to be, that if the metal dog was too small and of insufficient strength and dangerous, as alleged in the complaint, and such facts were known to appellant, and by reason thereof the dog bent and gave way, causing appellee's injuries, in the absence of contributory fault and assumption of the risk on his part, appellant would be liable.  The jury was informed by other instructions as to the meaning and effect of contributory negligence and assumption of the risk.  These instructions were pertinent and not open to appellant's criticisms.

The thirteenth and seventeenth instructions, given in substance, charged that if appellant, or its authorized agent in charge of the work, knew that the stone was of too great weight to be lifted safely with the derrick, and with such knowledge made the attempt, and thereby caused appellee's injury, it could not escape liability on the sole ground that fellow servants were also guilty of negligence.  The fifth, sixth, seventh and eighth instructions, ten-

dered by appellant and refused, related to the same subject, and declared that appellant should be exempt from liability, if the injury was caused by the misuse of proper instrumentalities. Appellant's superintendent and foreman both testified to the effect that the work was being properly done, and the derrick was of adequate capacity for the purpose, hence it follows that the proffered instructions were not pertinent to the case made by the evidence, and the instructions given by the court were proper and correct. *Indiana Car Co.* v. *Parker* (1885), 100 Ind. 181; *Taylor* v. *Evansville, etc., R. Co.* (1889), 121 Ind. 124, 6 L. R. A. 584, 16 Am. St. 372; *Indiana, etc., R. Co.* v. *Snyder* (1895), 140 Ind. 647; *Louisville, etc., R. Co.* v. *Heck* (1898), 151 Ind. 292.

Complaint is made because the court permitted witnesses Whitsell, Gillespie, Shields and Welch to express opinions as to the capacity of the derrick. These witnesses may be classified as nonexperts, but they testified to their experience in the use of derricks, and to their knowledge of the derrick in question and its use, and upon such facts based their opinions. They were competent, the weight of their evidence being for the jury, and dependent upon the primary facts given. *Swygart* v. *Willard* (1906), 166 Ind. 25.

The court did not err in refusing to permit appellant to inquire of its witness Seward the usual way of arranging the dog upon a derrick of the kind in question, so that the load attached might be suspended in the air and sustained while the crank was stationary. There was no complaint or evidence here that the metal dog was improperly arranged, but the particular inquiry involved was whether it was reasonably sufficient in size and strength to sustain the weight placed upon it. The witness testified upon this question, and the proposed inquiry was irrelevant and not material to the issues.

The verdict is sustained by evidence upon every material point, and we find no error in overruling appellant's motion for a new trial. The judgment is affirmed.