## PULSE ET AL. *v.* SPENCER.

[No. 8,204. Filed May 20, 1914. Rehearing denied December 10, 1914. Transfer denied January 20, 1915.]

1. APPEAL.—*Review.—Evidence.—Sufficiency.*—In a servant's action for injuries received while operating a ripsaw, where there was evidence to warrant a finding either way upon the question of failing to properly guard the saw, and upon the question of contributory negligence, the court properly refused to direct a verdict for defendants and the verdict for plaintiff can not be disturbed on the ground of insufficient evidence. p. 569.

2. MASTER AND SERVANT.—*Dangerous Machinery.—Duty to Guard. —Factory Act.*—Under §8029 Burns 1914, Acts 1899 p. 231, §9, relating to the guarding of saws and other dangerous machinery and appliances, it is the absolute duty of the master to properly guard such saws or machinery, if the same may be guarded without materially affecting their usefulness, and to use reasonable care to keep such guards effective and in their place. p. 570.

3. MASTER AND SERVANT.—*Dangerous Machinery.—Failure to Guard.—Liability of Master.*—Where a master has discharged the absolute duty imposed on him by §8029 Burns 1914, Acts 1899 p. 231, §9, to properly guard dangerous machinery, the subsequent defective condition or removal of such guard will not render him liable unless it is shown that with knowledge of such facts, either actual or constructive, he permitted the machine to be operated without proper guards. p. 571.

4. MASTER AND SERVANT.—*Dangerous Machinery.—Removal of Guards.—Liability of Master.*—Where the removal of a guard is expressly or impliedly authorized by the master for the purpose of repairs or changes in the machine, an absolute duty, which can not be delegated so as to relieve the master from liability, devolves upon him to replace the guard when the purpose of its removal is accomplished; and where the discharge of such duty is entrusted to a servant, his negligence with reference thereto is that of the master. p. 571.

5. MASTER AND SERVANT.—*Dangerous Machinery.—Operating Without Guard.—Negligence Per Se.*—The act of a master in knowingly permitting a saw to be operated after the guard had been removed, in violation of the duty imposed by §8029 Burns 1914, Acts 1899 p. 231, §9, constitutes negligence *per se.* p. 571.

6. MASTER AND SERVANT.—*Dangerous Machinery.—Operating Without Guard.—Liability of Master.—Contributory Negligence.*—The master is not relieved from liability for failure in his duty to see that guards, when rightfully removed, are replaced, and not to permit a machine to be operated knowing it 'to be unguarded after such guard has been wrongfully removed by reason of the act of the servant himself in wrongfully removing the guard or in negligently failing to replace it after being rightfully removed; but denial of recovery in such case must be solely on the ground of contributory negligence. p. 571.

7. MASTER AND SERVANT.—*Dangerous Machinery.—Operating Without Guard.—Consent of Master.—Liability.*—Where a master has provided a proper guard, and the servant thereafter removes the guard and operates the machine in its unguarded condition with the knowledge of the master, there is such a violation of the statutory duty owing by the master as to render him liable for any resulting injury to the servant, regardless of the question of the master's consent, either actual or implied. p. 572.

8. MASTER AND SERVANT.—*Dangerous Machinery.—Removal of Guards. — Contributory Negligence. — Instructions. — A* guard placed upon a dangerous machine, as required by §8029 Burns 1914, Acts 1899 p. 231, §9, may be rightfully removed for the purpose of repairing the machine, or when the use of such guard materially interferes with its usefulness; hence an instruction

requested by defendant to the effect that the removal of the guard was negligence *per se,* and that if plaintiff removed it his act constituted contributory negligence, was properly refused, especially in view of evidence showing that the guard was not a proper one and that the use of the machine with the guard attached was impracticable. p. 573.

9. MASTER AND SERVANT.—*Dangerous Machinery.—Operation Without Guard.—Contributory Negligence.—Instructions.*—A servant does not assume the risk in operating a dangerous machine without a guard, as required by the statute, and the question of whether plaintiff was guilty of contributory negligence in thus encountering a known danger, when a safer one was known to him, was for the jury, where the evidence was such that the court could not say as a matter of law that the danger was so apparent and imminent as to render his act one of contributory negligence. p. 574.

10. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—Error, if any, in permitting plaintiff to testify that if a guard such as he described had been in proper place on the saw he was operating, he would not have been injured, and that it would not have been necessary to reach over as he did, was harmless, where it was not seriously controverted that the proximate cause of the injury was the absence of a guard, and there was other evidence to show that a proper guard rightly adjusted would have protected the saw so that no one could have injured his hand unless he pushed it under the guard. p. 575.

From Bartholomew Circuit Court; *Hugh Wickens,* Judge.

Action by Ruben Spencer against William C. Pulse and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Charles S. Baker* and *Frank N. Richman,* for appellants. *Sulzer & Bear* and *W. J. Beck,* for appellee.

LAIRY, C. J.—Appellee recovered a judgment against appellants for personal injuries received by him in operating a ripsaw. Appellee was employed by appellants to operate the saw in question and at the time of receiving his injury was engaged in finishing up the work of getting out a bill of lumber, the principal part of which work had been done at another saw. The negligence charged against appellants is a failure to properly guard the saw.

The evidence shows that this saw was operated exclusively by appellee and that the principal purpose to which it was put was that of cambering joists. When it was used for that purpose, the saw could not be guarded at the rear by a spreader, but it was frequently used for other purposes which permitted the use of a spreader, and at the time he was injured appellee was using the saw for a purpose which admitted the use of a spreader. A spreader properly formed and adjusted in the rear of the saw would have served the purpose of keeping the saw from binding and would also have afforded a sufficient guard for the back part of the saw, but no such spreader was attached and no other guard for the back part of the saw was in place at the time of the injury to appellee. The injury of which appellee complains resulted from his hand coming in contact with the back part of the saw while he was reaching over for the purpose of moving a board on the table back of the saw.

The only error assigned is the action of the trial court in overruling appellants' motion for a new trial. The reasons assigned for a new trial which are presented on appeal are as follows: (1) The verdict is not sustained by sufficient evidence, (2) the court erred in giving certain instructions and in refusing to give certain instructions tendered by appellants, (3) the court erred in the admission of certain evidence.

1. There is evidence in the record from which the jury may have found that appellants did not furnish a proper and adequate guard for the saw in question and that no such guard was provided for use at the time of the injury to appellee, and that the only guard which was available was a spike or spreader which appellee had procured the blacksmith to make and that this would not stay in allignment, would come loose and could not be successfully used. There was testimony showing that this spreader was the only guard for the back of the saw which had ever been provided or used, and that it was discarded

because it was unsuitable for use. On the other hand there was evidence from which the jury would have been justified in finding that appellants did furnish a suitable spreader which when properly attached constituted an efficient guard for the back of the saw, and that appellee prior to his injury removed this guard although he had been frequently warned by the foreman that it was dangerous to operate the saw without it. Under such a state of the evidence, the question as to whether appellants had violated the factory act by failing to properly guard the saw, was rightly submitted to the jury. There was also evidence which would justify a finding either way upon the question of contributory negligence. The court, therefore, did not err in refusing to direct a verdict for appellants and the evidence is sufficient to sustain a verdict in favor of appellee.

The instructions present a more difficult question. The action was based upon §8029 Burns 1914, Acts 1899 p. 231, §9, which provides for the guarding of machinery

2. in manufacturing establishments. The part of this statute which is material in this case reads as follows: "All  *  *  *  saws,  *  *  *  therein shall be properly guarded, and no person shall remove or make ineffective any safeguard around or attached to any  *  *  * saw,  *  *  *  while the same is in use, unless for the purpose of immediately making repairs thereto, and all such safeguards shall be promptly replaced." Where the machinery is of such a character that it can be guarded without materially affecting its usefulness, this statute imposes an absolute duty on the master to properly guard it, and the law requires that he should afterward exercise reasonable care to keep such guards effective and in place. If he fails to properly guard such a machine, and as a result, an injury occurs, the master can not excuse himself on the ground that he used reasonable diligence in his efforts to provide a proper guard. It is his duty not to permit the machine to be operated until it has been properly guarded. If, however,

the master has discharged this absolute duty by properly guarding such machine and if afterward without his fault the guard becomes defective or is removed, the defective condition of such guard or its absence will not render him liable unless it is shown that he had knowledge of such facts, either actual or constructive, and after such knowledge permitted the machine to be operated without proper guards. It has been held, however, that where the master expressly or impliedly authorizes the removal of a guard for the purpose of making repairs or changes in the machine, or in order that the machine may be used for a purpose which renders the guard impracticable, it becomes his absolute duty to replace the guard; that such duty can not be so delegated as to relieve the master; and that, if the master authorizes one of his servants to remove and replace a guard under such conditions, the servant so entrusted represents the master in that respect, and that his negligence in failing to replace the guard is the negligence of the master and not that of a fellow servant with an injured coëmploye. *Davidson* v. *Flour City, etc., Works* (1909), 107 Minn. 17, 119 N. W. 483, 28 L. R. A. (N. S.) 332, 131 Am. St. 433. If appellants, after the guard had been removed, knowingly permitted the saw to be operated without a guard, we think there can be no question that they were guilty of a violation of the statute, and that such violation of a statutory duty constitutes negligence *per se.*

Appellants contend, however, that the statutory duty imposed upon the master to see that guards which have been rightfully removed, are replaced, and the duty not to permit a machine to be operated knowing it to be unguarded after such guard has been wrongfully removed, should not be enforced against the master in favor of the servant who wrongfully removes a guard or who negligently fails to replace a guard after it is rightfully removed. We find no authority to sustain the position for

which appellants contend. The duty to guard dangerous machinery was placed upon the master for the evident purpose of protecting, primarily, the persons employed in and about the factory. There can be no reason for placing a limitation on the duties of the master not indicated by the terms of the statute, or for refusing to enforce such duties in favor of the servant who has wrongfully removed a guard or who has failed to replace a guard after it was rightfully removed. If such an offending servant is denied a recovery it must be upon the ground that his conduct constitutes contributory negligence and not upon the ground that the master did not owe to him the duties imposed by the statute.

In view of the law as stated in this opinion, the instructions of the court in so far as they bear upon the duties imposed upon appellants by the statute are not objec-

7. tionable. Instruction No. 14 of which appellants complain is not open to the objections urged against it. If appellants provided a suitable guard for the saw which had been used by appellee and if such guard had been removed by appellee before he received the injury of which he complains, and appellee was operating the saw without the use of a guard with the knowledge of appellants this would constitute a violation of the statute, whether or not appellants actually consented to the use of the saw without the guard and regardless of whether the use of the saw in such unguarded condition had continued for such a length of time that consent could be implied. If a guard required by the statute is wrongfully removed, it becomes the duty of the master on learning of such fact to replace it and if he fails to do so after actual or constructive notice of its removal and permits the machine to be operated without such guard he is guilty of a violation of duty under the statute. As we have before stated, if the servant who is responsible for the removal of the guard is denied a recovery, it must be upon the ground of contributory negligence.

Appellants tendered and requested the court to give a number of instructions bearing upon the question of contributory negligence. By instruction No. 14, so tendered and refused, the court was requested to charge that the removal of a guard required by statute is negligence *per se*, and that if the jury found that plaintiff himself removed the guard and that its absence was the proximate cause of the injury he was guilty of contributory negligence, unless the defendants knew of the removal of the guard and consented to the use of the saw without it. This instruction was properly refused. Under some circumstances a guard required by statute may be removed without constituting a violation of the statute. The act itself provides that such a guard may be removed for the purpose of making repairs, and the courts have held that machinery is not required to be guarded when the use of guards would materially interfere with its usefulness. The evidence in this case shows that the principal purpose for which the saw in question was used was that of cambering joists, and that, when used for such purpose, the use of a spreader or guard was impracticable. In view of this evidence the spreader might be properly removed when the saw was used for cambering joists, and such a removal would not constitute a violation of the statute, and would not be negligence *per se*. The instruction is open to another objection. There was evidence to the effect that the spreader which had been used in connection with this saw was not suitable or proper for the purpose and that the saw could not be successfully operated while it was attached. It was the duty of the master to furnish proper guards and, if he furnished a guard which interfered materially with the successful operation of the saw when a proper guard could have been furnished, and if appellee removed it for that reason, the court could not say as a matter of law that such a removal would constitute contributory negligence.' If this instruction had been given the jury would have understood

that, if the appellee, under any circumstances, removed the guard, such act on his part would amount to contributory negligence and would prevent a recovery.

In actions by a servant against his master for personal injuries, it has been generally stated as the law, that when there are two ways of performing a duty, one of which is known to the servant to be safe, and the other of which he knows to be dangerous, the servant will be denied a recovery in case he voluntarily chooses the dangerous way instead of the safe way of doing the work. In a recent case this court held that, under such circumstances, the only ground upon which a recovery could be absolutely denied as a matter of law was that of assumption of risk by the servant in voluntarily encountering a known danger. *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424. As the servant does not assume the risk of a danger arising from the failure of the master to obey a statute, the rule stated can not be applied to a case where the dangerous condition knowingly encountered results from the failure of the master to guard machinery. In such cases, the question as to whether the servant was guilty of contributory negligence, in encountering a known danger instead of choosing the safer way which was known to him, should be left to the jury, unless the danger encountered was so open and so glaring and so imminent that the court could say as a matter of law that no one of ordinary prudence would have encountered it. *Jenney Electric Mfg. Co.* v. *Flannery, supra.* By instructions Nos. 12, 13, and 15 the court was requested to apply this principle to the facts of this case and to direct the jury that appellee was guilty of contributory negligence as a matter of law, if he knowingly chose a dangerous way of doing the work as stated in the instructions rather than the safe way as stated therein. For the reasons stated these instructions were not proper in this case and they were properly refused.

Appellants also assigned as a cause for a new trial, the

Pulse *v.* Spencer—57 Ind. App. 566.

action of the court in permitting appellee as a witness to testify that, if a guard such as.he described had been in proper place, he would not have been injured, that it would not have been necessary to reach over as he did, and in refusing to strike out the latter part of the answer. The question was not in good form and the latter part of the answer was not responsive but was rather explanatory. There was other evidence, however, to the effect that a proper guard rightly adjusted to the back part of the saw would have so protected it that no one could have injured his hand on that part of the saw unless he pushed it under the guard. It was not seriously ·controverted that the proximate cause of the injury was the absence of a guard, but the principal contention of ·appellants was that such absence was not due to any negligence on their part, and that it was due to the negligence and misconduct of appellee. In view of the whole case as disclosed by the record we do not think that the admission of this testimony could have affected the result. The statute requires this court to disregard any error in the proceedings which does not affect the adverse party. §407 Burns 1914, §398 R. S. 1881.

The judgment of the trial court is affirmed.

NOTE.—Reported in 105 N. E. 263. As to how far the servant may rely upon the master's knowledge concerning risks, see 24 Am. St. 320. As to liability of a master where statutory guards on machinery have been removed and not replaced, see 45 L. R. A. (N. S.) 128. As to assumption of risk on failure of employer to perform statutory duty, see 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210.