# W. McMILLEN & SON *v.* HALL, ADMINISTRATRIX.

[No. 8,657. Filed June 24, 1915. Rehearing denied October 13, 1915.]

1. MASTER AND SERVANT.—*Duty of Master.—Safety of Place and Appliances.—Assumption of Risk.—Liability for Injuries to Servant.*—Generally it is the duty of the master to furnish a reasonably safe place of work and to use ordinary care in furnishing suitable and proper appliances while the servant assumes the risk ordinarily incident to the employment; and the master is liable for injury arising from an infirmity or defect in the place of work or appliance, of which he had knowledge or could have known and which he failed to remedy, if his negligence in that respect was the proximate cause of the injury; but he is not liable for injury resulting from an assumed risk or from contributory negligence. p. 552.

2. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.*—A complaint for the death of a stone mill employe, charging negligence in the use of certain defective appliances and in improperly applying the power of an electric traveler to a truck drawing stone which fell upon decedent, in maintaining a defective track on which the truck was operated, in overloading the truck, and in not properly securing and fastening the stone thereon while being moved, though disclosing that the operation of the traveler and truck, as well as the manner of loading and applying the power, were under the control of defendant's servants, sufficiently stated a cause of action, where sufficient facts were alleged to show that decedent was unfamiliar with the surroundings and methods, that he was free from contributory negligence, and that in the absence of inherent defects in the traveler and track, of which defendant had knowledge, there would have been no necessity for the operation of the truck and appliances in the manner in which same were operated at the time. pp. 553, 555.

3. MASTER AND SERVANT.—*Liability for Injuries to Servant.—Concurring Negligence of Fellow Servant.*—An employer must answer for his own breach of duty proximately resulting in injury to a servant, although the negligence of other servants contributed to the cause that produced the injurious result.   p. 554.

4. MASTER AND SERVANT.—*Injuries to Servant.—Statutory Liability.— Complaint.— Requisites.—* The allegations of a complaint charging a master with liability for failure to take the precautions required by statute for the protection of a servant, must be such as to bring it within the statute, since, where machinery is not of a dangerous character, or is not located so as to endanger the safety of employes or where guarding or fencing is impracticable, the same need not be guarded or fenced.   p. 556.

5. MASTER AND SERVANT.—*Employers' Liability Acts.—Construction.*—The statute of Illinois providing that power-driven machinery and all dangerous places about mills or workshops near to which an employe is obliged to pass or be employed, where practicable, shall be properly inclosed, fenced or otherwise guarded is substantially the same as the statute of Indiana providing for the safety of laborers in and about shops and factories, and is broad enough to embrace a wide scope in its interpretation.   p. 556.

6. MASTER AND SERVANT.—*Injuries to Servant.—Statutory Provisions.— Guards.— Complaint.— Sufficiency.—* A complaint for the death of a stone mill employe while at work in a mill operated by defendant in the state of Illinois, charging negligence in failing to fence or guard a passageway between a stone wall and a track on which a truck was operated in moving stone, came within the provisions of a statute of that state requiring power-driven machinery and all dangerous places about mills or workshops near to which an employe is obliged to pass or be employed to be properly fenced or guarded when practicable, where it appeared therefrom that the passageway through which decedent was obliged to pass and in which he was injured was but two feet wide, with a stone wall on one side ten feet high, and that the other side, along which the heavily loaded truck frequently passed, could have been fenced without interfering with its usefulness.   p. 556.

7. MASTER AND SERVANT.—*Injuries to Servant.—Failure to Guard Machinery.—Liability.—Complaint.—*While no liability is created by the master's failure to guard machinery or properly fence and protect dangerous places unless the failure to do so is the proximate cause of the injury, a complaint charging negligence in such respect need not disclose that the particular injury complained of could have been anticipated by defendant, but is sufficient if it discloses that it could reasonably have been anticipated that an

injury was likely to occur by reason of the condition of the place or appliances. p. 557.

8. MASTER AND SERVANT.—*Injuries to Servant.—Liability.—Intervening Agency.*—A master is not relieved from liability by the fact that the injury was caused by the concurring acts of himself and the fellow servants of the injured employe; and the negligence of the fellow servants, to constitute an intervening agency that would relieve the master, must have been outside the control of the master and not put in motion by his own wrongful act, and must have been such as to break the line of causation and become itself the proximate cause of the injury. pp. 557, 562.

9. TRIAL.—*Verdict.—Answers to Interrogatories.—Motion for Judgment.*—Where a cause goes to trial on two paragraphs of complaint, a motion for judgment on answers by the jury to interrogatories is properly overruled if the answers are consistent with the verdict on either paragraph. p. 558.

10. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.—Presumptions.*—Where the answers by the jury to interrogatories show that the injuries complained of occurred in the state of Illinois, the court must presume, as to the legal questions presented in determining whether the answers conflict with the verdict on a paragraph of complaint charging common-law negligence, that the common law prevails in that state. p. 559.

11. MASTER AND SERVANT.—*Injuries to Servant.—Answers to Interrogatories.—Review.*—Where appellant's contention that the jury's answers to interrogatories disclose that decedent's injury arose as an incident to the employment has no application to the second paragraph of complaint, and there is nothing to disclose that the verdict rests upon the first paragraph, the court will not determine if the contention is well taken as to the first paragraph, since it could in no event relieve appellant from liability under the second paragraph. p. 559.

12. MASTER AND SERVANT.—*Injuries to Servant.—Violation of Statutory Duty.—Assumption of Risk.*—In actions for injuries to a servant because of the master's failure to discharge a statutory duty the doctrine of assumed risk does not apply. p. 559.

13. TRIAL.— *Verdict.— Scope.*— A general verdict necessarily includes a finding on all material issues involved. p. 559.

14. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.—Contributory Negligence.*—Where the complaint alleged that the duties of plaintiff's decedent were to measure stone, direct the work in the millyard as to what stone was to be sawed, and to keep account of the same, and that he was not in any manner charged with furnishing appliances, tools or machinery, or to keep the working premises in safe condition, an-

swers by the jury to interrogatories which did not disclose that decedent had anything to do with loading stone onto a truck, which fell therefrom and injured him because of defects in the track and appliances by which the truck was moved, though showing that he could have discovered the conditions which brought about his injuries had he looked, did not as a matter of law preclude a recovery or necessarily create a conflict with the general verdict, and the court can not say therefrom as a matter of law that decedent was not excused from looking, or that he was guilty of contributory negligence in not so doing.   p. 560.

15. MASTER AND SERVANT.—*Injuries to Servant.—Choice of Ways.— Answers to Interrogatories.*—A special finding that plaintiff's decedent chose the way that he did in going about the performance of his work at the time of his injury, when he could have selected a safer way, is not equivalent to a finding that he voluntarily encountered a known and appreciated danger, and is not in conflict with a general verdict for plaintiff.   p. 560.

16. MASTER AND SERVANT.—*Injuries to Servant.—Answers to Interrogatories.—"Immediate Cause".—Proximate Cause.*—Answers by the jury to interrogatories, in an action for the death of a stone mill employe caused by stone falling from a truck, showing that the truck was overloaded; that the stones, which were four feet wide, were placed on the truck edgeways and were not fastened; that the rope was fastened to one end of a beam under the stone; that power was suddenly applied, and that decedent was injured by the stone being thrown upon him by the sudden jerk of the truck, do not overthrow the general verdict as showing that the injury was brought on by the acts of decedent's fellow servants, since they disclose no more than that such conditions were the immediate cause of the injury and an "immediate cause" of injury is not necessarily the proximate cause.   p. 561.

17. APPEAL.—*Review.—Verdict.—Answers to Interrogatories.*—Answers to interrogatories do not overcome the general verdict, where such answers, when considered in view of the presumption in favor of the general verdict, present no irreconcilable conflict with the general verdict.   p. 562.

18. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.— Applicability to Issues.*—An instruction informing the jury that it was the master's duty to inspect and examine the premises where his servants were required to work, etc., was not objectionable as being outside the issues, where the complaint alleged that decedent was subject to the orders of the superintendent, and that inherent defects in the appliances had existed for some six months prior to the injury.   p. 562.

19. APPEAL.—*Review.—Instructions.*—Part of an instruction, even if subject to the objections urged when standing alone, does not

render the instruction fatal, where such objection is not tenable when the instruction is considered as a whole. p. 563.

20. MASTER AND SERVANT.—*Injuries to Servant.—Duty of Master. —Instructions.*—An instruction merely stating that where an appliance is unguarded it should be guarded if practicable to do so, and that it is the duty of the master to see that it is so guarded, was not misleading or objectionable as requiring the master to guard in a particular manner or by a particular method. p. 563.

21. APPEAL.—*Review.—Refusal of Instructions.*—Appellant is not harmed by the refusal of requested instructions, where those given cover the issues and are applicable to the facts. p. 564.

22. EVIDENCE.—*Opinion Evidence.—Admissibility.*—While it is not proper to take the opinion of witnesses on matters where the jury is able to form as reliable an opinion from the facts placed before it, the admission of such evidence will not work a reversal where it appears that the facts were not free from complication, and that appellant was not harmed by its admission. p. 564.

From Owen Circuit Court; *James B. Wilson,* Judge.

Action by Clara R. Hall, administratrix of the estate of Morton M. Hall, deceased, against W. McMillen & Son, a corporation. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ira C. Batman, Robert G. Miller, James W. Blair* and *Fowler & Elliott,* for appellant.

*Frank L. Hume* and *Rufus H. East,* for appellee.

MORAN, J.—On September 5, 1911, Morton M. Hall, a foreman in appellant's stone plant, in the city of Chicago, was severely injured by several large slabs of stone falling from a transfer truck over and upon him, while he was passing alongside a track on which a truck was being moved, transporting stone in appellant's yard. Death resulted from the injury within two days thereafter; and for which appellee recovered a judgment against the appellant, for the benefit of his next of kin, in the sum of $6,000, on the ground that his death was caused by the negligent conduct of appellant. From this judgment appellant has appealed.

Errors relied upon for reversal are, (1) overruling appel-

lant's demurrer to each paragraph of the complaint; (2) neither paragraph of complaint states facts sufficient to constitute a cause of action; (3) overruling appellant's motion for judgment on answers to interrogatories notwithstanding the general verdict; (4) overruling appellant's motion for a new trial.

The complaint is in two paragraphs, the first paragraph embraces a charge of common-law negligence; the second is based upon a statute of the state of Illinois, requiring machinery and appliances to be guarded, and is similar to the usual factory act enacted by a number of the states in recent years for the protection of workingmen. In substance, the first paragraph of complaint alleges that appellant is the owner and operator of a stone sawmill in the city of Chicago, Illinois, and in the counties of Lawrence and Monroe, this State, and that decedent was employed in the Chicago plant as a foreman with limited authority, subject to orders of appellant's superintendent, and had been thus engaged for five weeks prior to the injury. In the plant was a tramway, on which a traveler was operated by electric power, which could run east and west on the tramway, or north and south on its carriage. A transfer track extended near the tramway, on which a stone truck was operated; a metal rope connected the traveler with the truck on which the stones were placed while being moved from the mill to the yard; within five feet of the transfer track on the east were a large number of mill blocks, which formed a stone wall ten feet high, and between the stone wall and the track was a passageway used by appellant's employes in going from one side of the mill-yard to the other. On September 5, 1911, while appellee's decedent was passing through the passageway, several large slabs of stone loaded on the truck, weighing several thousand pounds, fell from the truck upon him, suddenly and without warning. That the injury was caused by the carelessness and negligence of appellant in adopting an improper method

in moving the truck loaded with stone. The appliances used were unsafe and in order to safely draw out the car when loaded with stone, appellant should have maintained at the end of the track, on which the truck was operated, a grooved wheel, securely fastened for the purpose of running the metal cable through from the traveler and attach the same to the center end of the truck, so as to give a direct pull, but instead, appellant used a cable extending from the overhead electric traveler downward and fastened by looping the cable over the end of the beam that projected over the side of the car, causing an indirect pull forward and upward, rendering the truck liable to tip and jostle the stone resting on this beam, thereby endangering the lives of the laborers working in and about the truck. It is likewise alleged that appellant negligently maintained a defective track upon which the truck was used, in that it was not properly ballasted; that in the middle of the same, which was about twenty-five feet in length, it would sag when a car loaded with stone would pass over it at this point, which required a greater amount of power to move the load. At the time of the injury the truck stopped at this point on account of the sagging of the track and lack of power, and in starting the same the power was quickly applied with full force, causing the truck to be jerked and jostling the stone from the truck, which came in contact with appellee's decedent. It is further charged that appellant was negligent in overloading the truck at the time appellee's decedent was injured and by so overloading, the traveler had not sufficient power to draw the truck when it reached the point in the track where the track sagged and the speed of the truck ceased, the cable was slackened, and the power then quickly applied, thus violently jostling the stone from the car. Further it is alleged that at the time of the injury and for six months prior thereto, appellant was negligent in loading the stone on the car by placing the heavy slabs of stone edgewise on the truck, leaning

the same against blocks of stone on the side of the car
without being properly fastened. It is alleged that appel-
lant had full knowledge of the various defects in the appli-
ances and the place, as set forth in the complaint, and
that appellee's decedent was without such knowledge.
The second paragraph of the complaint pleads practically
the same facts as the first and in addition, it sets forth the
statute of Illinois, requiring power-driven machinery and
dangerous places in and about factories, mills or workshops
near to which employes are obliged to pass to be properly
inclosed, fenced and otherwise guarded, where practicable,
the passageways to be kept well lighted and free from
obstructions and to be of ample width. The statute, it is
alleged, was violated, and by reason thereof appellee's de-
cedent was injured, which resulted in his death.

It will be observed that the first paragraph of complaint
charges four specific acts of negligence, (1) defective appli-
ances and improperly applying the power of the electric
traveler to the truck drawing the stone; (2) a defective
track, on which the truck was operated; (3) overloading the
truck; (4) in not properly securing and fastening the stone
on the truck, while being moved. The demurrer presents
the question as to whether any of those charges is suffi-
ciently pleaded to fasten liability upon appellant under
the law. We must approach an examination of the para-
graph of complaint under consideration, keeping in mind
the general principles of the law that shed light on what
it takes to create liability on the part of the master for
an injury to his servant while performing services for the
master. It can be said generally that it is the duty of
the master to furnish a reasonably safe place for the
servant to perform his labor, and he must exercise
ordinary care in furnishing suitable and proper appliances
with which the labor is to be performed. And the negli-
gence of the master for which the servant can recover must
have been the proximate cause of the injury. On the other

hand when the servant enters upon the employment of the master, as a matter of contract, he assumes the risk ordinarily incident to the employment, and for an injury that results to the servant, which is ordinarily incident to the employment, the master is not liable, nor is he liable if the injury was caused by the contributory negligence of the servant. The master must have had knowledge of the infirmity of the place where the services were being performed, if an injury was caused thereby, or if by defective appliances, that the same were defective; but it is sufficient if he could have ascertained these facts by the exercise of ordinary care, and the servant must have been without such knowledge. *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Sullivan* v. *Indianapolis, etc., Traction Co.* (1914), 55 Ind. App. 407, 103 N. E. 860; 26 Cyc. 1156; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151, 5 N. E. 187; *Lake Erie, etc., R. Co.* v. *McHenry* (1894), 10 Ind. App. 525, 37 N. E. 186.

Appellant's counsel urge many objections to the pleading under consideration, the most serious of which is that the injury alleged was caused by the conduct of the fellow servants of appellee's decedent. It is true the pleading discloses that the operation of the electric traveler and the truck upon which the stone was being moved, as well as the manner of loading the stone and applying the power to move the loaded truck, were under the control of appellant's servants. It is also alleged among other things that the electric traveler had insufficient power and capacity to do the work required of it, and that the track was defective, in not being properly ballasted, and would sink into the earth at a given point when the truck was being moved over that part with a heavy load. The allegation as to the lack of capacity of the electric traveler to perform the work required of it, and the defect in the track, are in their nature inherent defects, and these defects, it is alleged, were within the knowledge of appellant and

caused the injury, and that appellee's decedent was unfamiliar with the millyard and premises, and knew nothing of the methods in use in the mill and the premises as to the loading and moving of the stone on the truck. These are allegations of fact, and unless the allegation as to the performance of the service by the fellow servants of appellee's decedent discloses that the injury was caused and grew out of the handling of the appliances by the fellow servants of appellee's decedent, and not by reason of the defective place in which to perform the service, or defective appliances, a cause of action is stated. If the infirmities of the place of performing the service, or the defective appliances as alleged, were the proximate cause of the injury, which resulted in the death of appellee's decedent, then the appellant could not escape liability even though the acts of the fellow servant concurred in producing the result, which caused the injury, as an employer must answer for his own breach of duty to his servant, although one or more of his servants were also guilty of negligence, which contributed to the cause that produced the injurious result. *Rogers* v. *Leyden* (1891), 127 Ind. 50, 26 N. E. 210; *Cincinnati, etc., R. Co.* v. *Lang* (1889), 118 Ind. 579, 21 N. E. 317; *Miller* v. *Louisville, etc., R. Co.* (1891), 128 Ind. 97, 27 N. E. 339, 25 Am. St. 416; *Louisville, etc., R. Co.* v. *Heck* (1898), 151 Ind. 292, 50 N. E. 989; *Ohio, etc., R. Co.* v. *Stine* (1894), 140 Ind. 61, 39 N. E. 246; *New York, etc., R. Co.* v. *Perriguey* (1894), 138 Ind. 414, 34 N. E. 233, 37 N. E. 976; 3 Elliott, Railroads (2d ed.) §1306; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 102 N. E. 369. ''Where the master is negligent he is responsible, although the negligence of a fellow servant may have concurred in bringing injury upon the plaintiff.'' *Rogers* v. *Leyden, supra.* In *Indiana Car Co.* v. *Parker* (1885), 100 Ind. 181, the court quoting with approval from 2 Thompson, Negligence 984, says: '' 'But the master does not discharge his duty in this regard by

providing proper and safe machinery, or fit servants, in the first instance, and then remaining passive. "It is a duty to be affirmatively and positively fulfilled and performed." He must supervise, examine, and test his machines as often as custom and experience require.' * * * Ordinary care requires that a master shall take notice of the liability of the parts of machinery to decay from age, or wear out by use."

Without following appellant's discussion in detail as to the infirmities urged against the first paragraph of complaint, an examination of the same discloses that 2. appellee's decedent did not understand and appreciate the danger he was encountering when he attempted to pass the car that was temporarily stalled on account of the track giving away and the lack of power to move the same. Had the track been in proper condition, on which to have moved the heavily loaded truck, or had the power applied to the truck been sufficient to have moved the same, notwithstanding the poorly constructed track, the truck would not have been stalled at the time it was, and there would have been no necessity for slackening the cable for the purpose of quickly applying the power, and hence the truck would not have been jerked and the heavy slabs of stone, each weighing in the neighborhood of two thousand pounds, thrown over and upon appellee's decedent who chanced to be passing in close proximity at the time. Nor does this paragraph of complaint disclose that he was guilty of contributory negligence in selecting this passageway at the time he did to go from the yard to the mill. The first paragraph of complaint states facts sufficient to constitute a cause of action.

It is maintained that the second paragraph of complaint, which counts upon a violation of a statute, discloses by its averments that it does not come within the statute upon which it is based, that the danger arose from a stone falling from a truck, and to hold this to be within the statute would

be an unwarranted enlargement of the statute by construction. We are mindful that the pleading being based upon the violation of a statute, a special remedy, the allegations must be such as to bring it within the statute in order to be sufficient. Where the machinery is not of a dangerous character, or is not located so as to endanger the safety of laborers, or where guarding or fencing is impracticable, the same need not be guarded or fenced. *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 75 N. E. 270; *Robertson* v. *Ford* (1905), 164 Ind. 538, 74 N. E. 1.

The statute of Illinois under consideration is entitled, "An act for the health, safety and comfort of employes in factories, mercantile establishments, mills and workshops"; and among other things, the statute itself provides that all power-driven machinery and all dangerous places about mills or workshops near to which an employe is obliged to pass or be employed, where practicable, shall be properly inclosed, fenced or otherwise guarded. The title of the act and statute are substantially the same as the title of the act and the statute of this State, providing for the safety of laborers in and about shops and factories. It was held in *United States Furn. Co.* v. *Taschner* (1907), 40 Ind. App. 672, 81 N. E. 736, in reference to the scope of our statute, "It is broad enough to embrace a wide scope in its interpretation."

There is an allegation in the pleading under consideration, that the passageway, through which appellee's decedent was required to pass in the performance of his labor and where he was injured, was but two feet wide, with a stone wall on one side, ten feet high, and a truck heavily loaded with stone frequently passing upon a track on the other side. The statute, it will be noticed, provides that all dangerous places where employes are obliged to pass or be employed, where practicable, shall be properly

inclosed, fenced or otherwise guarded, and of ample width and free from obstruction. ˙ There is enough in the pleading to show that the passageway could have been fenced without interfering with its usefulness, and the nature of the machinery and character of the place, where appellee's decedent was injured, were such as to come within the purview of the statute.

It is further insisted that the second paragraph of complaint is insufficient for the reason that there was an intervening act of negligence on the part of the fellow

7. servants of appellee's decedent, which appellant was not bound to have anticipated. That the narrow passage and the sagging of the track became dangerous only by the new and independent force set in motion by the decedent's fellow servants in the loading of the car and handling of the same. If appellant's contention is true, it would not be liable under this paragraph of complaint, as the failure to guard machinery or properly fence and protect surroundings that are dangerous to employes creates no liability unless the failure to do so is the proximate cause of the injury. *Brown* v. *American Steel, etc., Co.* (1909), 43 Ind. App. 560, 88 N. E. 80; *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153, 84 N. E. 549. An examination of the pleading discloses that it is not susceptible of the construction contended for by appellant in this behalf. It is not necessary in order to hold appellant liable that the pleading disclose that the particular injury complained of could have been anticipated by appellant. It is sufficient if the pleading discloses, as it does, that it could reasonably have been anticipated that an injury was likely to occur by reason of the condition of the place and appliances. An intervening agency must be one over

8. which the original tortfeasor had no control and was not put in motion by his wrongful act in order to relieve the original wrongdoer. The intervening agency

must break the line of causation and become itself the proximate cause of the injury in order to become a defence to a charge of negligence. Even should it be conceded that the injury was caused by the concurring acts of appellant and the fellow servants of appellee's decedent, this would not relieve appellant from liability. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 122. The court did not err in overruling the demurrer to the second paragraph of complaint.

The next error presented is the overruling of appellant's motion for judgment on the answers to interrogatories. With the general verdict the jury returned answers to 171 interrogatories. The cause having gone to trial upon two paragraphs of complaint, one based on the common law and one on the violation of a statute, if the answers to the interrogatories are consistent with the right to recover on either paragraph, the motion was properly overruled. *Cleveland, etc., R. Co.* v. *Berry* (1899), 152 Ind. 607, 52 N. E. 415, 46 L. R. A. 33; *Toledo, etc., R. Co.* v. *Milligan* (1876), 52 Ind. 505; *Frazer* v. *Boss* (1879), 66 Ind. 1.

It is contended with much earnestness that the answers to interrogatories are in irreconcilable conflict with the general verdict on either paragraph of the complaint; that as to both paragraphs, because the answers to interrogatories disclose that the injury arose solely from the conduct of the fellow servant of appellee's decedent; and on the first paragraph because appellee's decedent received his alleged injuries from the dangers which he assumed in entering into and continuing in the employment; and on the second paragraph because he voluntarily encountered the danger, which was known to him, or could have been known by the exercise of ordinary care, that he voluntarily selected a dangerous way to go from the yard to the mill, when there was a safe way open and known to him, and further that under this paragraph, the answers disclose that no provi-

sion of the statute, on which the paragraph is based, was violated.

The injury to appellee's decedent occurred, as disclosed by the answers to the interrogatories in the state of Illinois, and therefore as to the legal questions presented, so far as they apply to the first paragraph of complaint, we must assume that the common law prevails in that state. *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273, 82 N. E. 1051.

The contention that the answers to the interrogatories disclose that the injury to appellee's decedent arose as an incident to the employment has no application to the second paragraph of complaint. There being nothing to disclose that the verdict rests upon the first paragraph of complaint, it would serve no useful purpose to enter upon an examination of this question to ascertain whether it is well taken as to the first paragraph of complaint, for even if so, it would not relieve appellant from liability under the second paragraph of complaint. It is the law of this State as well as of the state of Illinois, that where an action proceeds upon the theory that the injury, for which a recovery is sought was because of the failure of the master to perform a statutory duty, which he owed his servant, that the doctrine of the assumption of risk has no application. *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *Montieth* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 64 N. E. 610, 58 L. R. A. 944; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 79 N. E. 1033; *Sare* v. *Hoadley Stone Co.* (1914), 57 Ind. App. 464, 105 N. E. 582; *Adams* v. *Antles* (1915), 57 Ind. App. 594, 105 N. E. 931; *Streeter* v. *Western Wheeled Scraper Co.* (1912), 254 Ill. 244, 98 N. E. 541, 41 L. R. A. (N. S.) 628, Ann. Cas. 1913 C 204.

The general verdict necessarily finds for appellee on all material issues involved. *Egan* v. *Louisville, etc., Traction*

*Co.* (1914), 55 Ind. App. 423, 103 N. E. 1100. The complaint alleges that the duties of the deceased were to measure stone, direct the work in the millyard as to what stone was to be sawed, and keep account of the same, but was not in any manner charged with furnishing appliances, tools or machinery, or to keep the working premises in safe condition. There is nothing in the answers to interrogatories to disclose that the decedent had anything to do with the loading of the stone or the moving of the truck at or before the time of the injury. On the other hand there are answers that he could have known the condition of the track and the method employed in handling and removing the stone, and that he could have ascertained the condition just before attempting to pass the stalled truck, if he had looked, and that there were safe passageways known to him other than the one he selected, and that he selected the passageway wherein he was injured, when he could have selected a safe one. The finding that he could have discovered the conditions which brought about his injury had he looked, does not as a matter of law preclude a recovery, or necessarily bring the answers to the interrogatories in conflict with the general verdict. The record is not such in this connection as to say as a matter of law that he was not excused from looking, or that he was guilty of contributory negligence in not so doing. The surrounding conditions were such, as is disclosed by the answers to the interrogatories, that he was excused from directing his attention specifically upon the source from which he was injured at the time or immediately prior thereto. The element of contributory negligence in this particular does not bring the answers to the interrogatories in irreconcilable conflict with the general verdict. *Lake Erie, etc., R. Co.* v. *Parrish* (1910), 46 Ind. App. 577, 93 N. E. 550. The finding that he chose the way that he did in going from the millyard to the mill when he could have selected a safer way is not equiva-

lent to a finding that he voluntarily encountered a known and appreciated danger. The answers do not disclose that by choosing the passageway he did, the danger he thus encountered by doing so was so open, glaring and imminent that the court can say as a matter of law that a person of ordinary prudence would not have encountered it. *Jenney Electric Co.* v. *Flannery* (1912), 53 Ind. App. 397, 98 N. E. 424; *Pulse* v. *Spencer* (1915), 57 Ind. App. 566, 105 N. E. 263; *Sare* v. *Hoadley Stone Co.*, *supra*.

It is further insisted that the answers to interrogatories disclose that the injury was brought about by the fellow servants of the decedent in unnecessarily overloading the truck and in placing the narrow slabs of stone on their edge without being fastened, and by attaching the metal rope to one end of the cross-beam under the stone, and then starting the truck after it was stalled, with a sudden jerk. The answers to the interrogatories disclose that the truck was overloaded, that the stones, which were four feet wide, were placed on the truck edgeways and were not fastened; that the metal rope was fastened to one end of the beam under the stone, and that the power was suddenly applied after the truck was stalled, and appellee's decedent was injured by the large slabs of stone being thrown from the truck upon him by the sudden jerk of the truck. The facts found by these answers disclose no more than that the conditions found thereby were the immediate cause of the injury. An immediate cause of an injury is not necessarily the proximate cause. *Cincinnati, etc., R. Co.* v. *Worthington* (1903), 30 Ind. App. 663, 65 N. E. 557, 66 N. E. 478, 96 Am. St. 355; *Baltimore, etc., R. Co.* v. *Kleespies* (1906), 39 Ind. App. 161, 76 N. E. 1015, 78 N. E. 252.

The conditions that existed immediately preceding the injury if regarded as independent and intervening agencies as contended for by appellant, in order to become the proxi-

mate cause, and thus supplant the original wrongful act of failing to maintain a sufficient track and power to move the truck, as the general verdict finds, must be such as to break the chain of causation and become the direct cause of the injury. And even then if the attending circumstances were such that these conditions might reasonably have been expected to arise so as to produce the ·injury, appellant could not escape liability. *Cleveland, etc., R. Co.* v. *Clark, supra; Chicago, etc., R. Co.* v. *Mitchell* (1914), 56 Ind. App. 354, 105 N. E. 396; *Nickey* v. *Steuder, supra; Cleveland, etc., R. Co.* v. *Patterson* (1906), 37 Ind. App. 617, 77 N. E. 445. An intervening agency, which merely concurs with the proximate cause in producing an injury, will not relieve the master from liability. So if the conduct of the fellow servant of appellee's decedent intervened in producing the injury, this, as aforesaid, will not relieve appellant from answering for its own conduct.

When all the answers to the interrogatories are considered, and especially in view of the fact that every presumption must be indulged in favor of the general verdict as against such answers, there is not an irreconcilable conflict between the answers to interrogatories and the general verdict. *Wabash R. Co.* v. *McDoniels* (1915), 183 Ind. 104, 107 N. E. 291. No error was committed in overruling the motion for judgment on the answers to interrogatories.

It is insisted that the motion for a new trial should have been granted by reason of the error of the court in giving at the request of appellee, instructions Nos. 8, 17 and 23, and in refusing to give instructions Nos. 43, 44, 47, 48, 50, 52, 56 and 65, as requested by appellants, and in admitting certain evidence over the objections of appellant. The objection urged to instruction No. 8 given by the court is that it is outside the issues. This instruction in substance informed the jury that it was the duty

of the master to inspect and examine the premises where he required the servants to perform their labor, and that he could not so delegate this duty as to escape the consequence of the failure of the subordinate to perform the same, and that the negligence of the subordinate would be chargeable to the master. The complaint alleges that the decedent was subject to the orders of the superintendent, and it further alleges that the inherent defects in the appliances existed for some six months prior to the injury. In view of the allegations of the complaint, and the facts in the cause, the instruction was not erroneous. 2 Thompson, Negligence 984; *Romona, etc., Stone Co.* v. *Shields* (1909), 173 Ind. 68, 88 N. E. 595; *Indiana Car Co.* v. *Parker, supra.*

It is claimed that instruction No. 17, given by the court, informed the jury that it would be authorized in holding appellant liable for the discharge of the duties owing to it from the fellow servants of the decedent. The first part of the instruction, if standing alone, might be subject to the objections urged. The closing part of the instruction informed the jury in substance that if the injury and death was caused in the manner charged in the first paragraph of complaint, and if the decedent prior to and at the time of his injury had no knowledge or means of knowledge of the capacity and power of the traveler, and was free from fault, and if all other material allegations of the paragraph were established, appellee would be entitled to recover. The objection urged against it is not tenable when the whole instruction is considered.

The objection urged to instruction No. 23 given by the court is that this instruction informs the jury that it is the duty of the master, if he found that certain appliances were unguarded, to guard the same in a particular manner and by a given method. The instruction does not travel as far as appellant contends that it does. It does say that where an appliance is un-

guarded and if practicable to do so, it should be guarded, and that it is the duty of the master to see that it is so guarded. The instruction was not misleading.

Instructions tendered by appellant, and which it complains of the trial court in not giving, went to the fellow servant rule, the assumption of risk, the choice of ways by the servant in performing his labor and the proximate cause. The appellant was not harmed by the refusal of the court to give either of the instructions requested, as the instructions given by the court to the jury covered the issues and each branch of the case, and were applicable to the facts.

The objections urged against the admission of evidence are that it was not proper to take the opinions of certain witnesses as to what was the proper method of attaching the traveler to the truck, and as to whether the method used in drawing the truck along the track was proper or improper. Without entering into the objections urged against the various questions propounded in this behalf, the record does not disclose that appellant was harmed by the admission of this class of testimony. It is not proper to take the opinion of witnesses on matters where the jury can be put in possession of all of the facts in the case, and can form as reliable an opinion on the question, as a witness. The case at bar, however, was one, as disclosed by the facts, not entirely free from complication, and those familiar with matters pertaining to the handling of the appliances under consideration were in position to throw some additional light thereon by their opinions, other than that which came from a statement of the facts. *Consolidated Stone Co.* v. *Williams* (1901), 26 Ind. App. 131, 57 N. E. 558, 84 Am. St. 278; *Romona, etc., Stone Co.* v. *Shields, supra; City of Indianapolis* v. *Huffer* (1868), 30 Ind. 235; *Jenney Electric Co.* v. *Branham* (1896), 145 Ind. 314, 41 N. E. 448, 33 L. R. A. 395; *Bennett* v. *Needham* (1882), 83 Ind. 566, 43 Am. Rep. 78; *Louisville,*

*etc., R. Co.* v. *Berkey* (1894), 136 Ind. 181, 186, 35 N. E. 3; *Swygart* v. *Willard* (1906), 166 Ind. 25, 76 N. E. 755.

No available error being found in the record, judgment is affirmed.

NOTE.—Reported in 109 N. E. 424. As to how far servant may rely on knowledge of master in assuming risk, see 24 Am. St. 320. As to different forms of statement of the general rule with respect to master's duty as to place and appliances furnished to servant, see 6 L. R. A. (N. S.) 602. On servant's assumption of risk of master's breach of statutory duty, see 6 L. R. A. (N. S.) 981; 19 L. R. A. N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 647; 49 L. R. A. (N. S.) 471; L. R. A. 1915 E 527. As to knowledge as element of employer's liability, see 41 L. R. A. 33. Assumption of risk on failure of employer to perform statutory duty, see 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210. See, also, under (1) 26 Cyc. 1097, 1136, 1177, 1226; (2) 26 Cyc. 1384; (3) 26 Cyc. 1302; (4) 26 Cyc. 1392; (5) 26 Cyc. 1079, 1134; (7) 26 Cyc. 1389; (8) 26 Cyc. 1305; (9) 38 Cyc. 1927; (10) 16 Cyc. 1084; (11) 26 Cyc. 1513; (12) 26 Cyc. 1180; (13) 38 Cyc. 1869; (14) 38 Cyc. 1927; (15) 26 Cyc. 1515; (17) 38 Cyc. 1928; (18) 26 Cyc. 1494; (19) 38 Cyc. 1778; (20) 26 Cyc. 1491, 1497; (21) 38 Cyc. 1711; (22) 17 Cyc. 60.